STATE *vs.* ARTHUR J. SEYMOUR.

DECEMBER 11, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

SWEENEY, J. This is a criminal complaint charging the defendant with the unlawful possession of intoxicating liquors fit for use for beverage purposes in violation of the statute. After a trial in the Superior Court he was found guilty by a jury. He has brought the complaint to this court by his bill of exceptions claiming that the admission of certain material evidence against him was error because it was obtained as a result of a search made under an invalid search warrant.

A police officer testified for the State that, having a search warrant, he went into the saloon described therein, found the defendant in charge, and that he searched the premises and seized some beer and alcohol. The defendant reserved his exceptions to the admission of this testimony by various motions and objections and introduced in evidence a copy of the search warrant.

The search warrant was issued by the associate justice of the District Court of the Sixth Judicial District upon the complaint under oath of the deputy chief of police of the city of Providence stating "that certain intoxicating liquors . . . contained in certain . . . vessels, were and still are kept . . . and possessed by one Rinaldo Castiglioni in a certain shop and cellar numbered 414 then and there situated on Broad street so called, in the city of Providence . . . within this state in violation of law . . . ."

The defendant offered to prove by the complainant that at the time he made oath to said complaint he had no personal knowledge that intoxicating liquors were kept in violation of law at the place commanded to be searched and that he made the complaint in response to a written communication received by him from the captain of the precinct in which the saloon was located. The trial justice excluded this offer of testimony and the defendant's exception was

noted. The defendant claims this exception and argues that the exclusion of the testimony was error because it shows that the complainant had no probable cause to procure the search warrant at the time that he did so; and consequently its issuance was in violation of that portion of the constitution of the State which provides that no search "warrant shall issue but on complaint in writing upon probable cause supported by oath." Art. 1, sec. 6.

Intoxicating liquors kept for beverage purposes are outlawed in this State and are made subject to seizure and confiscation. Section 5, Chapter 2231, Public Laws, 1922, enforcing the prohibition of intoxicating liquors for beverage purposes provides that it shall be unlawful to have or possess any liquor intended for use in violation of law, and that no property right shall exist therein. Section 6 authorizes certain persons to procure a search warrant from a justice or clerk of a district court "upon complaint in writing under oath that intoxicating liquors are kept . . . in any place . . . in violation of law." This statute must be strictly construed and all of its provisions must be complied with.

This section requires the direct and positive statement that intoxicating liquors are kept in a certain place in violation of law, and no less averment would be sufficient. The averment in the case at bar conforms to the requirement of the statute. The complainant is not required to state to the magistrate how he ascertained the fact that intoxicating liquors were kept in the place complained of. Where a statute authorized the issuance of a search warrant for stolen goods upon oath by the complainant that he "believes" the stolen goods are concealed in some house or place, and the averment in the complaint was that the complainant "has cause to suspect and does suspect" etc., it was held that this was not a sufficient compliance with the statute. *Humes* v. *Taber*, 1 R. I. 464. In *Greene & Bro.* v. *Tripp*, 11 R. I. 424, a statute provided that no attachment of property should be made unless an affidavit should be

indorsed on the writ, setting forth certain facts. The court held the attachment illegal because the affidavit did not set forth the existence of certain required facts but simply the affiant's belief in their existence.

Defendant's claim that the search warrant was invalid because the complainant had no personal knowledge that intoxicating liquors were kept on the premises at the time he made the complaint cannot affect the legality of the search made under its authority. In *Humes* v. *Taber, et al.*, *supra*, 471, the court said: "if the warrant be legal in form, and issued from a magistrate having jurisdiction over the subject matter, the officer is not answerable for any defects in the complaint. He is only obliged to notice defects and irregularities upon the face of the warrant; if it is correct, so far he has sufficient authority for its service. He need not go behind it to look for illegalities not apparent upon its face." Where the affidavit upon which a search warrant was issued contained positive averments of fact justifying its issuance, its validity can not be affected by proof *aliunde* that the facts positively stated in the affidavit were in reality stated upon information and belief. *People* v. *Czckay et al.* (Mich.) 188 N. W. 376; *People* v. *Flaczinski*, (Mich.) 194 N. W. 566; *State* v. *Shaffer*, (Wash.) 207 P. 229. In the well-considered case of *Bowen* v. *Commonwealth*, (Ky.) 251 S. W. 625, the court held that, as the search warrant was issued upon an affidavit sufficient upon its face, evidence procured by the service of the search warrant cannot be said to be incompetent because of a subsequent attack upon the truth of the affidavit.

The defendant also contends that the search warrant does not describe as near as may be the intoxicating liquors and vessels to be seized. There is no merit in this contention as the description of the articles in the complaint and warrant is in substantially the same form as that approved in the cases of *Liquors of Fitzpatrick*, 16 R. I. 60; *Liquors of Horgan*, 16 R. I. 542.

The defendant also claims that the search warrant is

fatally defective because the complainant did not give personal recognizance for costs as required by Section 12 Chapter 281, General Laws, 1909, which provides that recognizance shall be given upon complaint for any "offense" within the jurisdiction of a district court to try and determine. Criminal offenses within the jurisdiction of a district court to try and determine are those punishable by fine not exceeding five hundred dollars or by imprisonment not exceeding one year, or both. The question arises, Is a complaint for the seizure and forfeiture of intoxicating liquors a complaint for a criminal "offense"? We think not. The seizure and condemnation of intoxicating liquors are proceedings *in rem*, 23 Cyc. 299; *Commonwealth* v. *Liquors*, 218 Mass. 602; *State* v. *Intoxicating Liquor*, 55 Vt. 82; *Steward* v. *State*, (Ind.) 103 N. E. 316, and the proceedings are for the purpose of securing a sentence of forfeiture against the liquors. A charge *in rem* is distinct and independent from a charge *in personam*, and a judgment in one case could not affect the judgment to be entered in the other.

Section 29, Chapter 123, General Laws, 1909, authorizing a justice or clerk of a district court to issue a search warrant for intoxicating liquors, does not require, as a condition for the issuance of such warrant, that the complainant shall give a recognizance. It is otherwise if a house is to be searched for anything which is the subject of larceny. Section 31, Chapter 281, General Laws, 1909.

Our conclusion is that the search warrant was valid on its face and that the evidence procured in its service was admissible against the defendant, and that the trial justice did not err in excluding the defendant's offer to prove that it was procured by the complainant therefor acting only upon information and belief.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for sentence.

*John H. Nolan, Fourth Asst. Attorney General*, for State.
*Rosenfeld & Hagan, Charles A. Kiernan*, for defendant.