(No. 20360.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM ALVIS, Plaintiff in Error.

*Opinion filed December 18, 1930—Rehearing denied Feb. 6, 1931.*

L. EARL BACH, (WILLIAM J. WADE, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOSEPH W. DEPEW, State's Attorney, and S. S. DUHAMEL, (EDWARD BARRY, JR., of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was convicted in the circuit court of McLean county of illegal possession of intoxicating liquors for purposes of sale, under an indictment charging a previous conviction. The previous conviction was stipulated and plaintiff in error was sentenced on the verdict to the State penitentiary and fined $500 and costs. He brings the cause here for review.

The evidence of the People shows that a pint of intoxicating liquor was purchased from plaintiff in error in the city of Normal on the 23d of January, 1929, one pint on February 12, 1929, and one-half gallon on June 14, 1929, and that on February 18, 1929, officers raided plaintiff in error's premises and found two pint bottles filled with whisky, two five-gallon jugs that had recently contained liquor, and also a carton containing between fifty and sixty new, unused pint bottles.

Plaintiff in error, during the selection of the jury to try the cause, filed a motion to suppress the evidence taken on the search warrant. This motion was denied, and this

ruling is assigned as error here. Counsel for plaintiff in error argue that the court should have heard evidence pertaining to the sufficiency of the affidavit and irregularity of the execution of the search warrant. The motion filed raised but one question, and that was whether the complaint and affidavit for search warrant were sufficient to authorize a search of plaintiff in error's premises. The affidavit was made by one J. Claggett, and alleged that he had reasonable grounds to believe, and did believe, that intoxicating liquor was being unlawfully possessed, kept for sale and sold on the premises of plaintiff in error at and within a certain building used and occupied by plaintiff in error as a dwelling and upon and about the premises commonly known as 907 South Linden street. The affidavit is based on the statement that the affiant had searched a certain person and knew that he had no liquor; that he gave him a dollar, saw him enter the described premises of plaintiff in error and emerge therefrom, and again searched him and found that he had no money but took from him a pint of liquor. It requires only the reading of this affidavit to show that it afforded sufficient basis for the search warrant.

It is also contended that the court should have heard evidence to determine the legality of the search warrant. The motion to suppress evidence was based on the illegality of the search warrant. Its legality could be determined by the examination of the affidavit and warrant, and no necessity for the hearing of evidence arose.

Plaintiff in error's counsel also argue that he should have been granted a continuance because he was taken by surprise when served with notice of additional witnesses while the jury was being selected. No motion to continue the cause, or affidavit in support thereof, appears in the bill of exceptions and there is no such question for this court to review. (*People* v. *Bush,* 300 Ill. 532; *Kimber* v. *Kimber,* 317 id. 561.) It appears that counsel had an opportunity to examine the witnesses whose names were added

to the indictment the day before they were called to the stand.

It is also argued that plaintiff in error's counsel should have been permitted to question one of the witnesses for the State who testified that he had purchased liquor of plaintiff in error, by showing that the witness was himself a bootlegger. A witness may not be impeached by oral testimony as to his guilt of a misdemeanor. Impeachment of such a witness on the ground of the commission of crime may be shown only by an introduction of the record of the conviction of an infamous crime. *People* v. *Goodman*, 283 Ill. 414.

It is objected that it was error to introduce in evidence a gallon jug of intoxicating liquor which it is claimed by the People was purchased from plaintiff in error. Witnesses for the People had testified that one Burton Carver had been sent in to the premises of plaintiff in error with seven dollars and returned with one gallon of whisky and one dollar and that the jug was turned over to the sheriff. It does not appear that these witnesses could see Carver as he went into and came from plaintiff in error's house, and it is therefore doubtful whether they could swear positively that the liquor received from Carver was the liquor which he procured from plaintiff in error. Carver did not testify. The admission of this gallon jug of whisky in evidence was therefore error, but in view of the abundance of proof of the possession and sale of other liquor, and the fact that the jury found plaintiff in error guilty only of illegal possession, we are of the opinion that the error in admitting this jug of whisky in evidence was not sufficient to justify a reversal.

It is also argued that error was committed in the instructions. We have examined the instructions and are satisfied that the jury was properly instructed.

We find no error in the record which justifies reversal of the judgment, and the same will be affirmed.

*Judgment affirmed.*