ONE 1949 MODEL OLDSMOBILE 66 CLUB COUPE, 1950 Oklahoma License Tag No. 42-1182, and Sam Bryson, Plaintiff In Error,

v.

The STATE of Oklahoma ex rel. Elmer W. ADAMS, County Attorney of Tulsa County, Oklahoma, Defendant In Error.

No. 35514.

Supreme Court of Oklahoma.

Nov. 9, 1954.

Frank Leslie, Tulsa, for plaintiff in error.

Robert L. Wheeler, County Atty., Tulsa, Rooney McInerney, Asst. County Atty., for defendant in error.

CORN, Justice.

The state, on relation of the county attorney, brought this action to forfeit a certain described automobile. It was alleged such vehicle had been seized by law enforcement officers while being used to conceal and transport whiskey in violation of the prohibitory liquor laws of this state; that search and seizure of the vehicle was by virtue of a search warrant issued out of the Court of Common Pleas of Tulsa County, Oklahoma; that the owner, defendant herein, had been charged with the crime of unlawful transportation of intoxicating liquor, and the vehicle so seized should be ordered forfeited and sold.

After various preliminary motions had been disposed of the case was set for a jury trial. Defendant's objections to the introduction of any evidence were overruled and the state introduced the testimony of three deputy sheriffs who had apprehended defendant. The evidence disclosed these officers had observed defendant driving this car upon Denver street, in the city of Tulsa; he turned off this street and drove approximately a half block down an alley, at which point he was stopped by the officers, who then served the search warrant upon defendant. Search of the automobile revealed a considerable quantity of tax paid whiskey. Defendant was charged with the criminal offense, tried by a jury, and convicted. His appeal from such conviction had not been adjudicated at the time of this trial, but was determined subsequent to rendition of judgment herein. See Bryson v. State, Okl.Cr., 248 P.2d 253.

At the close of the state's evidence defendant demurred thereto upon the grounds: (1) failure of the evidence to show transportation of the whiskey from one certain point to another; (2) since defendant's appeal from his conviction upon the criminal charge had not been adjudicated no forfeiture could be had; (3) that the search warrant was invalid because not based upon positive evidence, and thus violative of the statutes and Constitution of Oklahoma.

The trial court overruled the first ground and ordered that the petition be amended to conform to the proof, showing defendant was traveling in Tulsa county. Both remaining grounds were overruled upon the theory this was an independent action for the jury's determination and not dependent upon final conviction in the criminal case. The trial court then sustained the state's motion for a directed verdict, and a verdict of forfeiture was entered upon which the judgment appealed from was rendered.

Two contentions are advanced as grounds for reversal of the judgment decreeing forfeiture of the automobile. Defendant first contends the petition was insufficient to state a cause of action. The suit for forfeiture was brought under 37 O.S.1951, § 111, which provides:

"Vehicles and animals used in transporting liquor forfeited.—All vehicles, including automobiles, and all animals used in hauling or transporting any liquor the sale of which is prohibited by the laws of this State, from one place to another in this state in violation of the laws thereof, shall be forfeited to the state by order of the court issuing the process by virtue of which such vehicles and animals were seized, or before which the persons violating the law, or the vehicles or animals are taken by the officer or officers making the seizure."

The defendant argues that the petition failed to allege "from one place to another", as set forth in the statute; and, further, that there was a lack of evidence of transportation from one place to another within the state, so that it was error to overrule defendant's demurrer to the evidence and sustain the state's motion for directed verdict.

██ It is unnecessary to deal at length with the argument directed toward the failure to allege the exact words of the statute. The petition did allege this vehicle was being used to "conceal and transport" liquor in violation of the statutes. At the close of the evidence the trial court ordered the petition amended to conform to such proof. This evidence having established that the vehicle was in motion when discovered, and that it so continued until the defendant was forced to stop by reason of the officers' commands, it necessarily follows that it had traveled from one place to another within the state.

██ Defendant's second contention is that the search and seizure of the vehicle was illegal and void, and in violation of the guarantees of the Constitution, Art. 2, Sec. 30, against unreasonable searches and seizures. During the trial defendant attempted to show, by cross-examination, that the arresting officers had received an anonymous telephone message disclosing the likelihood of defendant's appearance in the vicinity with this liquor laden vehicle. Objection was sustained to such cross-examination, and defendant then made an offer of proof to the effect that this search warrant was

based upon information received from an anonymous telephone "tip". The offer of proof was denied.

We are of the opinion the complete answer to such argument is to be found in the expression of the Criminal Court of Appeals in Bryson v. State, supra. In passing upon this defendant's appeal from his conviction upon the criminal charge, the appellate court expressly determined that the search warrant in question was sufficient under the law in this jurisdiction, and in syllabus 2 stated:

"Where the affidavit to procure a search warrant is in positive terms, one will not be permitted to go behind the affidavit and show that the officer did not have sufficient knowledge of the charges alleged in the affidavit."

Judgment affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and O'NEAL, WILLIAMS and BLACK-BIRD, JJ., concur.