[Crim. No. 1435. Fourth Dist. Dec. 3, 1959.]

THE PEOPLE, Respondent, v. EUGENE M. LEPUR, Appellant.

Eugene M. Lepur, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

GRIFFIN, P. J.—Defendant appeals from a conviction of possession of a narcotic in violation of section 11500 of the Health and Safety Code after trial before a jury. Defendant was charged with and admitted a prior misdemeanor conviction of possession of a narcotic.

On November 30, 1958, several police officers went to defendant's place of residence armed with a search warrant and entered. Defendant was found sitting in the bedroom in the presence of three other persons, Tellez, Santosuosso and Camacho. A search of the room discovered two stained and sooty spoons which contained a residue of heroin, two hypodermic needles and an eyedropper. These articles were wrapped in a cloth, held together with a rubber band, and lying on a dresser. Several paper-covered packages of heroin were found on the premises, two of them immediately under a chair where defendant had been sitting when the police officers arrived. A search of defendant revealed no narcotics on his person but he had 22 needle puncture marks over a vein on his right arm. One of the police officers present at the time of the arrest stated that he thought defendant was slightly under the influence of a narcotic when arrested.

Robert L. Williams, a medical doctor, testified that he examined defendant on December 1, 1958, and found 22 needle marks in a vein on his right arm. These marks were between two days and two weeks old. The defendant admitted to Dr. Williams that he had been using narcotics and said he had received his last shot of a narcotic two days before the conversation.

Louis Camacho testified for the defense. He said that the narcotics and user's kit found in defendant's home were not the defendant's property and that defendant did not know that Camacho had brought them there.

Camacho testified that he arrived in defendant's home about 15 minutes before the police officers came in and that after the officers arrived, he surreptitiously tossed the narcotics packages under defendant's chair. He testified that he previously left the narcotics kit on the dresser while combing his hair. On cross-examination Camacho admitted that he was under

the influence of narcotics when the officers entered the room, that he had recently been convicted of forging checks and that he had pleaded guilty to possession of narcotics arising out of this incident.

In rebuttal a police officer testified that everybody in the room was kept under surveillance during the search and no one had an opportunity to drop articles on the floor without being seen. At the time of the search Camacho denied any knowledge of the narcotics kit found in the bedroom. When the kit was found, defendant said: "I knew you would find the kit, but you won't find anything else."

After all the evidence had been presented but before arguments to the jury the defendant moved the court to relieve the court appointed counsel who had hitherto represented him and grant him a continuance to obtain an attorney of his own choosing. The defendant complained that not all the evidence had been presented to the jury. In response to questions from the court, the defendant stated that he wanted the informer named and forced to come down and "prosecute," and that he wanted the affidavit supporting the search warrant examined. The court commented that defendant's counsel had given him excellent representation during the trial and denied the motion to relieve counsel.

Defendant contends: (1) That the court erred in permitting a police officer to demonstrate the use of the narcotics user's kit found in his bedroom; (2) That the trial court erred in refusing to order the disclosure of the informer's identity; (3) That the court erred in refusing to relieve defendant's counsel during the late stages of the trial; (4) And that the evidence was insufficient to support the verdict.

 The narcotic user's kit was evidence of defendant's knowledge that the substance involved was a narcotic and relevant to the principal issue, i.e., defendant's possession of the drug. (*People* v. *Noland,* 61 Cal.App.2d 364 [143 P.2d 86].) The police officer's testimony as to the method in which these articles were used was relevant to identify the articles and explain their relationship to the needle marks on defendant's arm. (*People* v. *Gin Hauk Jue,* 93 Cal.App.2d 72 [208 P.2d 717]; *People* v. *Hancock,* 156 Cal.App.2d 305 [319 P.2d 731].)

 The trial court did not err in refusing to order disclosure of the informer's identity. There is no evidence in the record here that the informer was a participant in, or a wit-

ness to, the offense charged. ■ The search here was conducted under authority of a warrant presumably issued upon a showing made by affidavit. The only statutory means of controverting the facts stated in the affidavit upon which the search warrant is based is the review sanctioned by sections 1539 and 1540 of the Penal Code. (*People* v. *Thornton,* 161 Cal.App.2d 718, 722 [327 P.2d 161] ; *Arata* v. *Superior Court,* 153 Cal.App.2d 767, 770 [315 P.2d 473] ; *People* v. *Phillips,* 163 Cal.App.2d 541, 545 [329 P.2d 621].)

■ The court did not err in denying defendant's motion to be relieved of counsel. Defendant's motion was not made until both the prosecution and defense had rested. Defendant's reasons for desiring other counsel were that his appointed counsel failed to request the prosecution to present the informer and that counsel had not brought out all the "aspects" of the case. Under the circumstances present, disclosure of the informer's name and a demand that he appear and testify could not be compelled at that time, as appellant's counsel well knew. (*People* v. *Thornton,* 161 Cal.App.2d 718, 722 [327 P.2d 161].) Defendant's contention that his counsel had not brought out all the aspects of the case was never made specific and is a subject of conjecture. Defendant himself did not testify in his own defense. A careful reading of the record does not disclose that defense counsel was less than diligent to protect the rights of his client. Timely objections were made. A motion for a directed verdict was made at the close of the prosecution's case. Several times the trial judge commended the defense counsel for the ability with which he had conducted the case.

■ It appears that the defense attorney was court appointed. It is well settled that where the defendant desires the court to appoint an attorney for him, he waives the right to a particular attorney. (*People* v. *Manchetti,* 29 Cal.2d 452 [175 P.2d 533] ; *People* v. *Vega,* 136 Cal.App.2d 202 [288 P.2d 278] ; *People* v. *Simeone,* 132 Cal.App.2d 593 [282 P.2d 971].)

■ A defendant does not have a right to act as his own attorney where he is represented by counsel. (*People* v. *Glenn,* 96 Cal.App.2d 859 [216 P.2d 457].) It has been held that where a defendant has waived his right to counsel and acted as his own attorney he is not entitled to delay to obtain counsel near the end of the case. (*People* v. *Morgan,* 140 Cal.App.2d 796 [296 P.2d 75].)

■ The defendant, having accepted the services of and

being adequately defended by appointed counsel, was not entitled to discharge his attorney without cause and obtain a delay to demand other representation.

As to the contention that the evidence was insufficient to support the verdict the evidence set forth above shows that there is no merit in such contention. Other contentions attempted to be raised by appellant on this appeal are not meritorious or are without adequate reference to any record supporting them. (*People* v. *Miller*, 112 Cal.App. 535, 537 [297 P. 40]; *People* v. *Weiskopf*, 60 Cal.App.2d 214, 217 [140 P.2d 201].)

The judgment is affirmed.

Mussell, J., and Shepard, J., concurred.

A petition for a rehearing was denied December 31, 1959.