[Crim. No. 3927.   First Dist., Div. Two.   Dec. 13, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. MARTIN LUTHER MARION, Defendant and Appellant.

Philip R. Anderlini, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny and Albert W. Harris, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

SHOEMAKER, J.—Defendant, charged with violating section 10851 (formerly § 503) of the Vehicle Code and three prior convictions of felony, admitted the priors and was found guilty as charged after trial by the court. Defendant appeals from the judgment and the order denying him a new trial.

The evidence reveals that in November of 1959, the John W. Reed Company owned a Baker fork lift truck with two distinguishing features—a special tow bar and dual front wheels. The vehicle, which was customarily kept parked at the South-

ern Pacific Beale Street track in San Francisco, was taken from this site sometime between November 20 and November 23, 1959. On the morning of July 13, 1960, Police Officer Barr and two witnesses who were familiar with the truck's special characteristics stood outside of defendant's warehouse and peeked under the door. The witnesses identified the truck as the one belonging to the Reed company. Officer Barr then obtained a search warrant, entered defendant's warehouse on the evening of July 13, and recovered the missing fork truck. Defendant was arrested in Portland, Oregon, on July 14, 1960, and subsequently confessed to taking the fork truck.

■ Appellant's first contention is that the affidavit executed by Officer Barr in support of the search warrant was based upon information gathered at a prior illegal search of the premises and that the evidence obtained pursuant to the warrant was thus inadmissible since illegally obtained. The affidavit described two items of property which were allegedly in appellant's warehouse as ''one fork-lift truck, Baker make, Model FGF'' and ''one White truck transmission, serial number 18051.'' It also stated ''That the above described property has been identified to me by the owners thereof, and I have personally seen the property on the premises, which are locked and no persons are in or about the aforesaid premises.'' At the time of the search had under the warrant, the above described fork truck was found on the premises, but there was no White truck transmission with a serial number of 18051.

Appellant alleges that a White truck transmission with this serial number was in his warehouse from July 3 to July 11, 1960, and that his warehouse was broken into during this period of time. It is appellant's contention that the police officers could only have obtained the serial number 18051 by breaking into his warehouse between July 3 and July 11, and that the evidence thus conclusively establishes that the search warrant was illegally obtained.

Officer Barr testified that on the morning of July 13, 1960, prior to obtaining the search warrant, he looked under the door of appellant's warehouse and saw what appeared to be a truck transmission. He further testified that a week prior to July 13, he had received an offense report stating that a truck transmission with the serial number 18051 had been stolen. When he looked under the door, he thought he saw a truck transmission, although he was unable to read the serial number. In signing the affidavit in support of the search warrant, he therefore described the truck transmission

he thought he had seen in appellant's warehouse and supplied the serial number from the report he had previously received. When he subsequently entered the warehouse, pursuant to the warrant, he discovered that the object he had identified as a truck transmission was actually a truck dolly. Officer Barr testified that the end of a truck dolly looks very similar to a truck transmission. He denied that he had ever been inside appellant's warehouse prior to July 13, 1960.

On cross-examination Officer Barr admitted that serial number 18051 did not appear anywhere in the theft report, but stated that he must have gotten it from the White Motor Company people. He testified that although he did not personally take the number down himself, he had gone with Mr. Cole to see the people at the White Motor Company. Mr. Cole had taken down the number and given it to Officer Barr.

Mr. Cole, when cross-examined, stated that he had not supplied Officer Barr with any serial numbers. Mr. Cole was also unable to find serial number 18051 in his reports.

The evidence offered by appellant, when coupled with the fact that the police officers were unable to explain just where they obtained the serial number, certainly gives rise to an inference that the police could have obtained serial number 18051 through a prior illegal search of appellant's premises. However, Officer Barr specifically testified that he had never entered appellant's warehouse prior to July 13, 1960. Since there was a conflict in the evidence, the trial court was entitled to weigh and believe any or all of the testimony of Officer Barr and conclude that the search warrant had been obtained without the benefit of any illegally obtained information.

Appellant contends, however, that even if it be deemed that there was no prior illegal entry, there was no probable cause to authorize the issuance of the warrant and the evidence procured thereby was inadmissible. Appellant refers to the statement in the affidavit in support of the search warrant that the owners of the fork truck and the White transmission identified these items to Officer Barr and that he personally saw them on the premises. Appellant argues that these averments were false and, therefore, the warrant was not issued on probable cause.

The rule is well established that the issuance of a search warrant is a judicial act and that the only review of such an act is that sanctioned by sections 1539 and 1540 of the Penal Code. (See *People* v. *Lepur* (1959) 175 Cal.App.2d 798, 802 [346 P.2d 914]; *People* v. *Thornton* (1958) 161 Cal.

App.2d 718, 721 [327 P.2d 161]; *Arata* v. *Superior Court* (1957) 153 Cal.App.2d 767, 769-770 [315 P.2d 473].) In the *Arata* case, the court stated, at pages 769-770: "We must bear in mind, of course, that the issuance of a search warrant is a judicial act. A warrant may be issued only upon 'probable cause, supported by oath or affirmation' . . .

"The only review of such a judicial act that is specifically provided by law, is the review sanctioned by sections 1539 and 1540 of the Penal Code. . . .

"When, as in this case, the defendants fail to pursue this remedy, they should be and, under the circumstances of this case, are precluded from controverting the facts stated in the affidavit upon which the search warrant was based."

■ Since appellant did not elect to proceed by way of Penal Code, sections 1539 and 1540, he is now precluded from challenging the facts set forth in the supporting affidavit.

■ Even if these facts were open to question, the evidence fails to indicate that the warrant was issued without probable cause. The owner of the fork lift, John Little, of the Reed company, had informed police officers of certain peculiar characteristics of his fork lift (a specially built tow bar and dual front wheels). On the morning of July 13, 1960, Mr. Easterwood, a distributor of Baker fork lift trucks, peeked under the door of appellant's warehouse and identified a fork lift truck which was similar to the one sold to Mr. Little's firm. On the same morning, Mr. Morton, who had designed and built the special tow bar on Mr. Little's fork truck, also looked under the door and identified the tow bar standing against the wall of appellant's warehouse. Both men had gone to the warehouse at the request of Officer Barr, and they supplied him with the information on which his affidavit was based. Although the affidavit may have been technically inaccurate in stating that the owner had identified the fork truck to Officer Barr, it is apparent to us that there was probable cause to suspect that the missing fork truck was in appellant's warehouse.

Appellant next alleges that the evidence was insufficient to prove that his confession was voluntary, and its admission into evidence therefore deprived him of due process. Appellant cites *People* v. *Dabb* (1948) 32 Cal.2d 491 [197 P.2d 1], in support of his contention that a confession, in order to be admissible, must be shown to have been made freely and voluntarily, and insists that there was no such showing in his case.

The record reveals that Mr. Taylor, a special agent for the Federal Bureau of Investigation, testified that he had talked to appellant for a period of about three hours on the morning of July 15, 1960, in Portland, Oregon, where he had been arrested by the police the evening before. During the course of this conversation, appellant informed Mr. Taylor that in November or December of 1959, he had come to San Francisco to pick up some marine engines for his employer. While loading the engines, appellant observed a fork lift parked near the place which sold the engines. Appellant decided to take the fork lift with him to Oakland to unload the engines, where he subsequently parked the lift near his place of employment. A week later he removed it to his shop in Richmond where he had it cleaned and where he removed a plate which said either ''Decker'' or ''Baker.'' After removing the plate, appellant stamped new numbers on the floor of the fork lift, painted it red, and drove it to Alameda, where he had it registered in his name. ▮ Prior to relating appellant's confession, Mr. Taylor testified that all the statements made by appellant were given voluntarily and without any offer of reward or remuneration.

In view of Mr. Taylor's testimony, a proper foundation was laid for the introduction of appellant's confession. It is appellant's position, however, that there was no showing that appellant was not threatened or coerced during the period after he was picked up by the police on the preceding evening and before he was questioned by Mr. Taylor on the following morning. Appellant is evidently contending that the prosecution should have produced all persons in any way connected with the taking of the confession in order to show that it was voluntary. Appellant, although conceding that no California case has so held, relies on *People* v. *Dale* (1960) 20 Ill.2d 532 [171 N.E.2d 1], which case was decided under specific rules in effect in Illinois and has no application to the well-settled law of California as to the foundation necessary to the admission of a confession.

Appellant was given an opportunity to testify at length that his confession was coerced. Under these circumstances, it cannot be said that appellant's confession was admitted into evidence without a proper showing that it was voluntary.

▮ Appellant's final argument is that the evidence independent of his confession was not sufficient to establish the corpus delicti and the confession should therefore not have been admitted. This argument is untenable. Appellant was

convicted of violating section 10851 of the Vehicle Code, which makes it a crime for any person to drive or take a vehicle not his own, "without the consent of the owner thereof, and with intent either permanently or temporarily to deprive the owner thereof of his title to or possession of the vehicle, whether with or without intent to steal the same . . ." In *People* v. *McLaughlin* (1957) 156 Cal.App.2d 291, 296 [319 P.2d 365], the court held that all that was needed to establish the corpus delicti of the crime of burglary was to show "that someone had entered the office with intent to steal and had taken a spotlight from the wall . . ." In the instant case, all that the law required was a showing that the fork truck was taken by someone, without the consent of the owner, and with the intent either temporarily or permanently to deprive the owner of title or possession thereto. The prosecution established, prior to the admission of appellant's confession, that the fork truck had been taken from the Southern Pacific Beale Street track in San Francisco sometime between November 20 and November 23, 1959, and that appellant had not been given permission to take it. It was further shown that the fork lift truck was found in appellant's warehouse in Richmond on July 13, 1960, and that he had previously taken it to the Alameda Department of Motor Vehicles and had it registered under his name. The corpus delicti was well established before appellant's confession was ever introduced into evidence.

There being no error, the judgment and order denying new trial are affirmed.

Kaufman, P. J., and Agee, J., concurred.

A petition for a rehearing was denied January 12, 1962, and appellant's petition for a hearing by the Supreme Court was denied February 7, 1962.