[Crim. No. 4047.   First Dist., Div. Three.   Nov. 28, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. MARTIN LUTHER MARION, Defendant and Appellant.

Martin Luther Marion, in pro per., Armin I. Horwitz, under appointment by the District Court of Appeal, and Hollander, Lipian & Horwitz for Defendant and Appellant.

Stanley Mosk, Attorney General, Edward P. O'Brien and Eric Collins, Deputy Attorneys General, for Plaintiff and Respondent.

DEVINE, J.—Appellant was convicted of three counts of theft of trucking vehicles. This appeal relates only to the search which, police officers testified, led to the discovery of some of the stolen items. ▮▮▮ A search warrant was obtained by officers who, by looking through a hole in the door of a warehouse that was rented by appellant, saw a certain forklift. One of the officers, in his affidavit for search warrant, stated that the forklift which he had seen had been identified to him by one of its owners. In the same affidavit he stated that in the warehouse there was a White truck transmission, serial No. 1-8051, which had been stolen from its owner in San Francisco, and that he had personally seen the property in the warehouse. (Appellant was convicted of theft of the forklift in another prosecution, and raised substantially the same point on appeal. Judgment was affirmed. *(People* v. *Marion,* 197 Cal.App.2d 835 [18 Cal.Rptr. 219].)) Actually, the equipment which the officer described as the transmission was a dolly.

Appellant testified that he had seen evidence that the door of the warehouse had been forced open before the search warrant was issued, and that the box in which the transmission was contained had been broken into. He argues that the number of the transmission supposedly in the warehouse could not have been obtained by the officers except by an illegal entry prior to the search warrant, because, as stated above, the transmission was not actually in the building. From this testimony he argues that the search was illegal, because the information on which it was based had been obtained illegally.

The witness Cole testified that the entry that led to the discovery of stolen property was in pursuance of the warrant. After seeing the forklift, and what he thought was the White transmission, by peering through the hole in the door, he "ventured the opinion" (to Officer Barr, the one who made the affidavit for the search warrant) that the metal protrusion which they saw was a transmission. The officers had under investigation theft of a White tractor.

As to the alleged entry prior to the obtaining of the search warrant, the court was not required to find that there had been a breaking into the premises, and, in particular, by police officers. As to the number of the transmission, the court commented that the statement in the affidavit, "I have personally seen the property on the premises," need not necessarily be interpreted as including a statement that the officer had seen the transmission number, but that he had seen the property and

may have obtained the number from one of the owners. ■ It is the function of the trier of the facts, not that of a reviewing court, to appraise and weigh the evidence presented by affidavit and by oral testimony. *(Arata* v. *Superior Court,* 153 Cal.App.2d 767, 772 [315 P.2d 473] ; *People* v. *Prieto,* 191 Cal.App.2d 62, 68 [12 Cal.Rptr. 577].) ■ We cannot disturb the court's conclusion that the proof was insufficient to show that the police officers entered the premises prior to the obtaining of the search warrant.

Judgment and order denying new trial affirmed.

Draper, P. J., and Salsman, J., concurred.

A petition for a rehearing was denied January 9, 1963, and appellant's petition for a hearing by the Supreme Court was denied January 24, 1963.