[Crim. No. 9733. In Bank. July 11, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. EDWARD M. BUTLER et al., Defendants and Appellants.

Alton I. Leib for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and William L. Zessar, Deputy Attorney General, for Plaintiff and Respondent.

TRAYNOR, C. J.—Defendants appeal from orders granting them probation after they were convicted of possessing marijuana in violation of Health and Safety Code section 11530. They contend that the trial court erred in not permitting them to show that evidence introduced at their trial was obtained by an illegal search and seizure.

On October 25, 1963, Los Angeles County Deputy Sheriff Charles Vaughn obtained a warrant to search defendants' home and automobile. It was issued on the basis of his affidavit that he had information from a reliable confidential informer of the use of narcotics at the described premises. The search uncovered various items of evidence that led to defendants' arrest and subsequent conviction.

At the preliminary hearing, defendants elicited testimony from Deputy Sheriff Vaughn that on three or four occasions he had crawled under their residence and looked through cracks in the floor. He was then asked: ''Q. Now, sir, you are the one who made the application to Judge Farley for the search warrant, is that correct? A. Yes, sir. Q. And you made that application on the basis of the information you had obtained while underneath the premises at 1788 Orange Grove on those three or four previous occasions prior to January 25, is that correct? MR. COURTNEY [Deputy District Attorney]: Just a minute, Officer. I will object to the question. Apparently Counsel is trying to go behind the search warrant and this is not the proper procedure for it. I will object to the question on those grounds, Your Honor.''

The committing magistrate sustained the objection on the ground that defendants' failure to pursue the remedy provided by Penal Code sections 1539-1540 precluded them from attacking the warrant. At the trial defendants made a motion for a hearing to determine the facts underlying the issuance of the warrant. The trial court denied the motion.

In *People* v. *Berger* (1955) 44 Cal.2d 459, 464 [282 P.2d 509], we rejected the federal rule that ordinarily the issue as to whether evidence was illegally obtained must be raised by motion before trial and held that such a motion is not required before an objection can be made at the trial to the introduction of illegally obtained evidence. Several decisions of the District Courts of Appeal, however, have held that the

rule of the *Berger* case does not apply when a search and seizure are made under a search warrant valid on its face and that in such cases the defendant's remedy is to attack the warrant under Penal Code sections 1539-1540. (*People* v. *Marion* (1961) 197 Cal.App.2d 835, 838-839 [18 Cal.Rptr. 219]; *People* v. *Prieto* (1961) 191 Cal.App.2d 62, 66-67 [12 Cal. Rptr. 577]; *People* v. *Dosier* (1960) 180 Cal.App.2d 436, 439-440 [4 Cal.Rptr. 309]; *People* v. *Lepur* (1959) 175 Cal.App.2d 798, 802 [346 P.2d 914]; *People* v. *Nelson* (1959) 171 Cal. App.2d 356, 360 [340 P.2d 718]; *People* v. *Phillips* (1958) 163 Cal.App.2d 541, 545 [329 P.2d 621]; *People* v. *Thornton* (1958) 161 Cal.App.2d 718, 721 [327 P.2d 161]; *Arata* v. *Superior Court* (1957) 153 Cal.App.2d 767, 770 [315 P.2d 473].)

Penal Code sections 1539-1540[1] provide that if the grounds for issuance of the warrant are controverted, a hearing shall be held, and if the magistrate finds that there is no probable cause for believing the grounds on which the warrant was issued, or if the property taken was not that described in the warrant, the magistrate must restore the property to the person from whom it was taken. In *People* v. *Keener* (1961) 55 Cal.2d 714, 719-720 [12 Cal.Rptr. 859, 361 P.2d 587], we held that a magistrate's ruling sustaining a warrant in a proceeding under Penal Code sections 1539-1540 is not final and that the defendant may thereafter renew his attack on the warrant at the preliminary hearing and at the trial. Since the defendants in the *Keener* case had attacked the warrant under sections 1539 and 1540 before attacking it at the preliminary hearing, it was unnecessary to decide whether a warrant valid on its face must be attacked under those sections before an objection can be made at the preliminary hearing or at the trial to the introduction of evidence obtained under the warrant. We have concluded that sections 1539 and 1540 do not create an exception to the rule of the *Berger* case and that a defendant may therefore attack the validity of a warrant at the preliminary hearing and at the trial whether or not he

---

[1]Section 1539 provides: "If the grounds on which the warrant was issued be controverted, he must proceed to take testimony in relation thereto, and the testimony of each witness must be reduced to writing and authenticated in the manner prescribed in section eight hundred and sixty-nine."

Section 1540 provides: "If it appears that the property taken is not the same as that described in the warrant, or there is no probable cause for believing the existence of the grounds on which the warrant was issued, the magistrate must cause it to be restored to the person from whom it was taken."

attacked it under sections 1539 and 1540. Anything to the contrary in the foregoing decisions of the District Courts of Appeal or in the *Keener* case is disapproved.

 Sections 1539 and 1540 were enacted in 1872, 83 years before the exclusionary rule was adopted in *People* v. *Cahan* (1955) 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513]. Accordingly, the Legislature's purpose in enacting those sections was not to regulate the procedure for objecting to the introduction of evidence in criminal trials but to afford the person from whom property was wrongfully seized an expeditious remedy for its recovery. (See *Aday* v. *Superior Court* (1961) 55 Cal. 2d 789, 800 [13 Cal.Rptr. 415, 362 P.2d 47].)

Moreover, the remedy provided by sections 1539 and 1540 would serve the deterrent purpose of the exclusionary rule fitfully at best. It would not preclude an officer from testifying to what he saw in the course of a search under an invalid warrant or from using information obtained in such a search to secure other evidence. (See *People* v. *Berger, supra,* 44 Cal. 2d 459, 462; *People* v. *Roberts* (1956) 47 Cal.2d 374, 378-379 [303 P.2d 721].) It would afford no relief to a defendant from whom the property was not taken. (See *People* v. *Martin* (1955) 45 Cal.2d 755, 759-761 [290 P.2d 855]; *Jones* v. *United States* (1960) 362 U.S. 257, 260-267 [80 S.Ct. 725, 4 L.Ed.2d 697, 78 A.L.R.2d 233].) It would afford no relief when the property is contraband, which cannot be returned. (See *Aday* v. *Superior Court, supra,* 55 Cal.2d 789, 799-800.) Since the state must afford to "every defendant a full and fair opportunity to secure an adjudication of all claimed deprivations of his constitutional rights in the securing of the evidence offered against him at the trial" (*In re Sterling* (1965) 63 Cal.2d 486, 488 [47 Cal.Rptr. 205, 407 P.2d 5]; see *Townsend* v. *Sain,* 372 U.S. 293, 312-318 [83 S.Ct. 745, 9 L.Ed.2d 770]), a requirement that he must exhaust the remedy under sections 1539-1540 would entail either a broadening of the remedy beyond the statutory terms or the adoption of exceptions when the statutory remedy was inadequate.

Even if sections 1539 and 1540, enacted in 1872, were now invoked to implement the 1955 exclusionary rule of the *Cahan* case, difficult problems of timing would arise. Thus, if a defendant were excusably ignorant until the trial of facts to controvert "the grounds on which the warrant was issued" (Pen. Code, § 1539), it would be necessary either to postpone the trial until the validity of the warrant could be determined by the magistrate who issued it or to waive the requirement

that the warrant first be attacked before him. Since any decision the magistrate might reach would be subject to relitigation at the trial (*People* v. *Keener, supra,* 55 Cal.2d 714, 719-720), it would be pointless to delay the trial so that the validity of the warrant could be litigated twice. Even if the defendant knew or should have known of grounds for attacking the warrant at some time before trial, it would be a needless complication to require an adjudication of the time when he could reasonably have been expected to proceed before the magistrate and whether that time was so near the time set for trial that he should be excused from proceeding before the magistrate.

The rule allowing the defendant to object for the first time at the preliminary hearing or at the trial to the introduction of evidence illegally obtained without a warrant has proved workable. We see no reason to adopt a different rule merely because evidence was obtained under a warrant. As we pointed out in *People* v. *Berger, supra,* 44 Cal.2d 459, 464: "Ordinarily preliminary questions of fact that govern the admissibility of evidence are determined by the trial court when objection is made to the introduction of the evidence at trial, and the experience of the federal courts indicates that there are no compelling reasons why an exception to the general rule should be made in the case of illegally obtained evidence. [Citations.] The issues involved will ordinarily be no more time-consuming or complicated than those presented to the trial court when it must rule, for example, on the admissibility of confessions, business records, or evidence claimed to be privileged, or on the qualifications of expert or other witnesses. On the other hand, a requirement that a preliminary motion be made to suppress the evidence would inevitably result in delaying the criminal trial while the motion was being noticed, calendared, heard, argued, and determined."

The orders are reversed.

Peters, J., Tobriner, J., Peek, J., and Burke, J., concurred.

MOSK, J.—I dissent.

The majority emphasize that sections 1539 and 1540 were enacted in 1872, 83 years before the exclusionary rule was adopted in *People* v. *Cahan* (1955) 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513]. I fail to find that chronology particularly significant.

*Arata* v. *Superior Court* (1957) 153 Cal.App.2d 767 [315 P.2d 473], was decided two years *after* the *Cahan* decision. and this court denied a hearing. In *Arata* it was pointed out (at p. 770) that issuance of a search warrant is a judicial act and that "[t]*he only review* of such a judicial act that is specifically provided by law, is the review sanctioned by sections 1539 and 1540 of the Penal Code." (Italics added.) Section 1539 provides: "If the grounds on which the warrant was issued be controverted, [the magistrate who issued the search warrant] must proceed to take testimony. . . ."

*Arata* has been followed by an unbroken line of cases. (*People* v. *Thornton* (1958) 161 Cal.App.2d 718, 721 [327 P.2d 161]; *People* v. *Phillips* (1958) 163 Cal.App.2d 541, 545 [329 P.2d 621]; *People* v. *Nelson* (1959) 171 Cal.App.2d 356, 360 [340 P.2d 718]; *People* v. *Lepur* (1959) 175 Cal.App.2d 798, 802 [346 P.2d 914]; *People* v. *Dosier* (1960) 180 Cal.App. 2d 436, 439 [4 Cal.Rptr. 309]; *People* v. *Prieto* (1961) 191 Cal.App.2d 62, 66 [12 Cal.Rptr. 577]; *People* v. *Marion* (1961) 197 Cal.App.2d 835, 838 [18 Cal.Rptr. 219].)

I find no authority to justify overruling the foregoing post-*Cahan* decisions, and I am persuaded it is inadvisable to adopt a new rule. Under the majority view, a defendant who now has five methods of achieving the exclusion of evidence, is gratuitously awarded a sixth and additional procedure whenever he chooses to ignore or fails to first employ any of the other available means. As pointed out in *People* v. *Phillips, supra*, at page 545: "California cases indicate that, if prior to trial, defendant had desired to challenge the validity of the search warrant and the resulting effect of it she could have (a) made a motion to quash it (*People* v. *Berger*, 44 Cal.2d 459, 461 [282 P.2d 509]); (b) petition for a writ of mandamus for the return of the property (*People* v. *Berger, supra*); (c) made a motion to suppress or exclude the evidence (*People* v. *Alaniz*, [dissenting opinion] 149 Cal.App.2d 560, 571 [309 P.2d 71], citing *United States* v. *Kind*, 87 F.2d 315, 316); (d) sought a writ of prohibition (*Willson* v. *Superior Court*, 46 Cal.2d 291 [294 P.2d 36]). Also, defendant had certain rights under sections 1539 and 1540, Penal Code, . . ."

*Arata* and its progeny hold unequivocally that failure to pursue statutory remedies under sections 1539 and 1540 precludes a defendant from controverting the facts slated in the affidavit upon which the search warrant was based. This rule is generally followed in other jurisdictions, with or without comparable statutes. (E.g., see *Tischler* v. *State* (1955) 206

Md. 386 [111 A.2d 655, 657]; *One 1949 Model Oldsmobile* v. *State* (Okla. 1954) 276 P.2d 245, 247; *O'Brien* v. *State* (1959) 205 Tenn. 405 [326 S.W.2d 759, 764]; *Hernandez* v. *State* (1952) 158 Tex. Crim. Rep. 296 [255 S.W.2d 219, 221]; *Goss* v. *Maryland* (1951) 198 Md. 350 [84 A.2d 57, 58]; *Mattingly* v. *Commonwealth* (1949) 310 Ky. 561 [221 S.W.2d 82, 84]; *People* v. *Alvis* (1930) 342 Ill. 460 [174 N.E. 527]; *Seager* v. *State* (1928) 200 Ind. 579 [164 N.E. 274]; *State* v. *Halbrook* (1925) 311 Mo. 664 [279 S.W. 395]; *State* v. *Seymour* (1924) 46 R.I. 257 [126 A. 755, 756]; *State* v. *English* (1924) 71 Mont. 343 [229 P. 727].)

The majority suggest that sections 1539 and 1540 were designed "not to regulate the procedure for objecting to the introduction of evidence in criminal trials but to afford the person from whom property was wrongfully seized an expeditious remedy for its recovery." As recently as 1961 this contention was rejected in *People* v *Prieto, supra,* 191 Cal.App.2d 62, at page 67, in which Mr. Justice Tobriner noted that although "as an original proposition, we might have doubted whether the language of the sections literally applied to an attempt of a defendant to suppress the evidence, rather than to regain it, we think the cases have clearly disposed of the issue. . . . A belated change in the interpretation might well produce more confusion than clarification." On May 31, 1961, this court denied a hearing in *Prieto.*

Again in *People* v. *Marion* (1961) *supra,* 197 Cal.App.2d 835, 838, it was categorically asserted that the "rule is well established that the issuance of a search warrant is a judicial act and that the only review of such an act is that sanctioned by sections 1539 and 1540 of the Penal Code." Not only did this court deny a hearing in *Marion* on February 7, 1962, but the United States Supreme Court denied certiorari (370 U.S. 961).

*People* v. *Keener* (1961) 55 Cal.2d 714 [12 Cal.Rptr. 859, 361 P.2d 587], holds that a defendant may challenge the sufficiency of the warrant at trial if he takes the required protective steps before trial, the asserted reason being that an appeal will not lie from denial of a motion to quash a warrant. While one might quarrel with that rationale, since prohibition could be sought in appellate courts in lieu of an appeal, *stare decisis* compels adherence to *Keener.* The rule should be limited, however, to the conclusion announced (at p. 720) : "Defendants, prior to the preliminary hearing, did all that could reasonably be expected of them to preserve their rights, and, under these circumstances, the adverse ruling upon the motion to quash

the warrant did not preclude them from subsequently raising at the preliminary hearing their claim that the warrant was defective.''

In the instant case the defendant took no steps to preserve his rights. He made no motion to quash the warrant. He sought no writ of mandate for return or destruction of the property. He sought no writ of prohibition against use of the property at the trial. He made no motion to suppress or exclude the evidence. In short, he ignored all of the possible alternatives suggested in *People* v. *Phillips, supra.* Not until the trial did he seek to determine the facts underlying the issuance of the warrant.

The majority rely heavily, almost exclusively, on *People* v. *Berger* (1955) 44 Cal.2d 459 [282 P.2d 509]. Factually, however, *Berger* is inapposite, for there the defendant prior to trial moved before the municipal court judge who issued the warrant, to quash the warrant. His motion was denied, so, still before trial, he sought a writ of mandate in the superior court, directing the municipal court to return the seized property. This was granted, the original warrant was quashed, and the records were returned. The problem discussed in the *Berger* opinion arose when the prosecutor attempted to introduce into evidence at the trial photostats of the records that had been returned pursuant to the court order. Obviously that issue could not have been reached prior to trial.

The majority see ''no reason to adopt a different rule merely because evidence was obtained under a warrant.'' But the point is, as I see it, that there *is* and should be a marked difference between evidence seized with and that taken without a warrant. As Chief Justice Gibson wrote in *Keener* (1961) *supra,* 55 Cal.2d 714, 723: ''There is, of course, nothing novel in the view that law enforcement officials may be in a more favorable position where a warrant is obtained than where action is taken without a warrant.''

If a defendant may attack the sufficiency of the warrant at trial, without first following the procedures outlined in sections 1539 and 1540 and in the cases interpreting the sections, much of the ''favorable position where a warrant is obtained'' vanishes. My premonition is that hereafter there may be less frequent use of warrants by law enforcement officers, an unwholesome result for the administration of criminal justice.

I would affirm the orders.

McComb, J., concurred.