[Civ. No. 9879.   Third Dist.   July 14, 1960.]

DONALD BIRD, Appellant, v. THE JUSTICE COURT FOR THE FORT JONES JUDICIAL DISTRICT, Respondent.

Barr & Messner for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and Nat A. Agliano, Deputy Attorneys General, and Floyd Merrill for Respondent.

SCHOTTKY, J.—This is an appeal from an order of the Superior Court of Siskiyou County denying appellant's petition for a writ of prohibition to restrain the respondent justice court from further proceedings on a criminal complaint previously filed in that court against the appellant.

The complaint accused appellant, his father and his brother of willfully and unlawfully possessing deer meat on August 16, 1958, during the closed season. The defendants entered a plea of not guilty. Before the date set for the trial, ap-

pellant's father, Roy Bird, Sr., sought a writ of prohibition from the superior court to prevent further proceedings on the ground that the evidence to be presented against him had been obtained as the result of an illegal search and seizure. This petition was denied on November 20, 1958, after a hearing. No appeal was taken from this order.

On December 17, 1958, at a hearing in the Justice Court of the Fort Jones Judical District, appellant herein made a motion to suppress the evidence allegedly illegally obtained, which motion was denied by the judge of that court.

Subsequently, on March 2, 1959, another petition and supplement to petition for writ of prohibition was filed in the Siskiyou County Superior Court based on the same allegations presented in the prior petition of October 1, 1958, and on the additional allegations that (1) the officer who served the warrant, R. L. Fraser, being a deputy of the Department of Fish and Game, was not authorized to serve the warrant which was directed to a "game warden;" (2) Fraser was not reappointed after a change in the directorship of the Department of Fish and Game and therefore was not an authorized officer; and (3) the search warrant was issued without probable cause.

The superior court issued an alternative writ of prohibition, and after a hearing the court rendered judgment denying the writ.

On August 16, 1958, R. L. Fraser, a deputy of the Department of Fish and Game, executed an affidavit for a search warrant in which he recited, in effect, that he had been reliably informed and had reasonable cause to believe that the appellant and other named individuals had deer meat in their possession at certain designated premises in violation of section 2002 of the Fish and Game Code. The judge of the justice court before whom the affidavit was made issued a search warrant authorizing any "sheriff, constable, marshal, policeman, or game warden" to make the search.

In possession of this search warrant Fraser went to the premises of which appellant and his family lived. He read the contents of the search warrant to Roy Bird, Sr., father of the appellant, who was also named in the search warrant, but apparently, by mistake, gave Roy Bird, Sr., a copy of a different warrant directed to the premises of certain neighbors. Roy Bird, Sr., placed the search warrant handed to him in his pocket without examining it.

The search of the Bird premises produced the deer meat,

unlawful possession of which is the subject of the charge against appellant. Return of the search warrant was made on or about September 2, 1958.

Appellant contends that a writ of prohibition should have issued from the superior court restraining the justice court from further proceedings because the only evidence against him was obtained through an illegal search and seizure, and hence there was and is no reasonable or probable cause to hold him. He gives the following reasons in support of his contention that the search of the Bird premises and the seizure of the deer meat was illegal:

(1) There is no statutory authority for issuance of a search warrant in this case.

(2) The magistrate did not have probable cause to issue the search warrant.

(3) R. L. Fraser was not a game warden and therefore did not belong to any of the categories named in the search warrant and had no authority to serve the same. Further, that R. L. Fraser was not a peace officer and was not empowered to serve a search warrant.

(4) Fraser was not a duly appointed deputy.

(5) Though Fraser had a search warrant designating appellant's premises, he delivered a copy of a different warrant to Roy Bird, Sr.

(6) Fraser did not make a prompt return to the search warrant.

As correctly contended by respondent in reply, the grounds urged by appellant for the issuance of the writ of prohibition are not proper grounds for issuance of the writ for it is being sought basically to determine a question of admissibility of evidence and the authorities uniformly hold that the writ does not lie for this purpose. (*Rogers* v. *Superior Court,* 46 Cal.2d 3 [291 P.2d 929]; *Mitchell* v. *Superior Court,* 50 Cal.2d 827 [330 P.2d 48].)

Prohibition arrests the proceedings of an inferior tribunal performing judicial functions when such proceedings are without or in excess of the jurisdiction of such tribunal. (Code Civ. Proc., § 1102.) It may be issued by any court, except the municipal or justice court, to an inferior tribunal in all cases where there is not a plain, speedy and adequate remedy at law. (Code Civ. Proc., § 1103.)

Section 740 of the Penal Code states that all public offenses triable in the inferior courts must be prosecuted by written complaint under oath and subscribed by the complain-

ant. Such a complaint was filed in this case, and an essential of the court's jurisdiction was thereby complied with. (*In re Williams,* 183 Cal. 11 [190 P. 163].) The court also had jurisdiction over the person of the appellant and the subject matter of the action.

The fact that appellant may have been subjected to an illegal arrest, search or seizure does not prevent the prosecution of the matter. (*People* v. *Valenti,* 49 Cal.2d 199 [316 P.2d 633].)

The instant case is not one in which the asserted illegal evidence is the sole basis of an indictment or information. In such a case the accusatory pleading should be set aside on motion of the accused, and if the motion is improperly denied, a writ of prohibition will issue to halt the proceedings. (Pen. Code, § 999a; *Badillo* v. *Superior Court,* 46 Cal.2d 269 [294 P.2d 23].) In the instant case a validly executed complaint has been filed in an inferior court, and this complaint gives the court jurisdiction to try the case. The fact that a search warrant which preceded the filing of the complaint may have been invalid does not in any way affect the jurisdiction of the justice court to try the case. This court cannot accept appellant's conclusion that the search warrant will furnish the only evidence that the prosecution has against him. The prosecution is entitled to proceed with the trial, and it may well be that it could produce evidence other than that obtained through the search warrant.

We are convinced that the justice court has jurisdiction to proceed with the trial of the instant case and should not be restrained by prohibition solely on the possibility that it might commit error in ruling on the admissibility of evidence. In *Mitchell* v. *Superior Court, supra,* at page 833, it is stated : ''The authority to hear and determine involves the power to decide incorrectly as well as correctly in a given case or controversy within the jurisdiction of the committing magistrate and does not depend upon the regularity of the exercise of that power or upon the rightfulness of the decision there made. A writ of prohibition is not employed as a means of correcting errors of an inferior tribunal on matters of procedure where, as in the instant case, such alleged errors may be reviewed on appeal from an adverse judgment.''

The case of *People* v. *Valenti, supra,* would seem decisive of this case for it holds that a court does not lose jurisdiction to try a defendant solely because he has been subjected to an illegal search and seizure. Having jurisdiction, the court

cannot be restrained from proceeding in the matter by writ of prohibition.

Furthermore, appellant has an adequate remedy by appeal. If evidence illegally obtained is admitted into evidence at the trial, resulting in a miscarriage of justice, the judgment will be reversed. (*People* v. *Tarantino,* 45 Cal. 2d 590 [290 P.2d 505].)

In view of our conclusion that the respondent court has jurisdiction to proceed with the trial of the charge against appellant, it is unnecessary to discuss the other contentions advanced by appellant. The validity of the search warrant and its service are matters to be ruled upon by the respondent trial court when the evidence obtained under it is sought to be introduced into evidence.

The judgment and order are affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.