[Crim. No. 12688.   In Bank.   Dec. 26, 1968.]

In re LARRY D. PANCHOT on Habeas Corpus.

Milton Stern, Jr., for Petitioner.

Paul N. Halvonik as Amicus Curiae on behalf of Petitioner.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, Derald E. Granberg and Eric Collins, Deputy Attorneys General, for Respondent.

TOBRINER, J.—Petitioner Larry D. Panchot seeks a writ of habeas corpus against his unlawful detention and restraint of his liberty by the Municipal Court of the City and County of San Francisco, and by the Sheriff of the City and County of San Francisco.[1] The municipal court, after a trial by jury,

---

[1] The municipal court has stayed execution of the sentence pending the outcome of these proceedings. The fact of petitioner's mere "constructive" restraint by that court does not preclude the availability of habeas corpus relief. (*In re Barry* (1968) 68 Cal.2d 137 [65 Cal.Rptr. 273, 436 P.2d 273].)

convicted petitioner of a violation of Penal Code section 311.2 (distributing and/or possessing with intent to distribute obscene matter)[2] and sentenced him to pay a fine of $332 or to serve 30 days in the county jail. ▉▉ [See fn. 4] Petitioner has exhausted his appellate remedies[3] and now seeks relief by writ of habeas corpus[4] in this court.

▉▉ The substantive activity condemned in this case consisted of selling four packets of photographs depicting nude females posing singly. In these crude photographs, the subjects assume various poses which emphasize various parts of the body. None of the poses, however, depicts any form of sexual activity.[5]

[2]Penal Code section 311.2 reads in pertinent part: ''Every person who knowingly: . . . distributes, or offers to distribute, or has in his possession with intent to distribute . . . , any obscene matter is guilty of a misdemeanor.''

[3]Following the judgment of the municipal court in *People* v. *Panchot*, No. L-18517, Crim., petitioner appealed to the appellate department of the San Francisco Superior Court. That court affirmed petitioner's conviction without opinion and refused certification of the case to the Court of Appeal.

Before filing the present petition, petitioner applied for a writ of habeas corpus in the Court of Appeal, 1st Dist., Div. 4, No. 1 Crim. 6906. That court denied the requested relief without opinion.

[4]The Attorney General, in his return to the order to show cause, argues that habeas corpus is not available in the present case because: (1) the writ will not lie to review issues considered on appeal, and (2) the availability of federal collateral attack on the present conviction should preclude our granting a remedy. These contentions lack merit.

The first argument is inapposite to a case such as the one before us in which there is no material dispute as to the facts relating to petitioner's conviction and in which ''it appears that the statute under which he was convicted did not prohibit his conduct.'' (*In re Zerbe* (1964) 60 Cal.2d 666, 668 [36 Cal.Rptr. 286, 388 P.2d 182, 10 A.L.R.3d 840].)

The second argument proceeds from a distorted view of a state court's function in the federal system. The supremacy clause of the federal Constitution precludes a state court from arbitrarily refusing to consider ''federal questions'' of law. Our rules restricting review by collateral attack of federal constitutional issues (see, e.g., *In re Lessard* (1965) 62 Cal.2d 497, 503 [42 Cal.Rptr. 583, 399 P.2d 39], applying the rule of *In re Harris* (1961) 56 Cal.2d 879, 883-885 [16 Cal.Rptr. 889, 366 P.2d 305], Traynor, J., concurring) do not govern a case such as the present in which the error below relates to defendant's guilt or innocence. As we made clear in the case of *In re Sterling* (1965) 63 Cal.2d 486, 487 [47 Cal.Rptr. 205, 407 P.2d 5]: ''If the violation of a petitioner's constitutional rights . ... had any bearing on the issue of his guilt, there should be no doubt that habeas corpus would be available.''

[5]Graphic depiction of sexual activity is the distinguishing feature of the only materials which the United States Supreme Court has ruled to be obscene. (See, e.g., *Landau* v. *Fording* (1967) 388 U.S. 456 [18 L.Ed.2d 1317, 87 S.Ct. 2109], affirming per curiam (1966) 245 Cal. App.2d 820 [54 Cal.Rptr. 177]; *Mishkin* v. *New York* (1966) 383 U.S. 502 [16 L.Ed.2d 56, 86 S.Ct. 958]; *Ginzburg* v. *United States* (1966) 383 U.S. 463 [16 L.Ed.2d 31, 86 S.Ct. 942].)

The validity of petitioner's conviction must rest upon a proper judicial application of the legislative definition of the word "obscene" as used in section 311.2. The Legislature has defined "obscene" to mean: "that to the average person, applying contemporary standards, the predominant appeal of the matter, taken as a whole, is to prurient interest, i.e., a shameful or morbid interest in nudity, sex, or excretion, which goes substantially beyond customary limits of candor in description or representation of such matters and is matter which is utterly without redeeming social importance." (Pen. Code, § 311, subd. (a).) ▇ Because any restriction on the dissemination of graphic depictions such as the ones before us must not conflict with the prohibitions of the First Amendment to the United States Constitution, this court must apply section 311 in the light of recent United States Supreme Court decisons dealing with "obscenity." (*People* v. *Noroff* (1967) 67 Cal.2d 791 [63 Cal.Rptr. 575, 433 P.2d 479].)

▇ We hold, under the authority of *People* v. *Noroff*, *supra*, 67 Cal.2d 791, that the materials sold in the present case are not obscene. *Noroff* involved a "nudist magazine" wherein nude male and female adults appeared in poses very similar in substance to those of the photographs in the instant case. After a careful scrutiny of the "obscenity" decisions of the United States Supreme Court, we held that the representation of the nude human form in a nonsexual context does not violate Penal Code section 311 et seq. As we said in *Noroff*: "Given the materials to which the Supreme Court has accorded constitutional protection, we cannot withhold such protection here."[6] (*People* v. *Noroff, supra*, 67 Cal.2d 791, 796.)

*Noroff* held, as a matter of law, that such matter was not obscene: "In the words of Penal Code section 311, we do not find that, 'taken as a whole,' the 'predominant appeal' of the magazine, including its depiction of nude adults, though revealing, 'is to prurient interest, *i.e.*, a *shameful* or *morbid* interest in nudity . . . which goes substantially beyond the customary limits of candor.' (Italics added.)" (*People* v. *Noroff, supra*, 67 Cal.2d 791, 795.) ▇ We concluded: "The Supreme Court has decided that the judiciary cannot

---

[6] "In *Manual Enterprises* v. *Day* (1962) 370 U.S. 478 [8 L.Ed.2d 639, 82 S.Ct. 1432], and in *Sunshine Book Co.* v. *Summerfield* (1958) 355 U.S. 372 [2 L.Ed.2d 352, 78 S.Ct. 365] (per curiam), the [United States] Supreme Court summarily reversed obscenity convictions involving magazines more crudely explicit and certainly more vulgar" than those either in *Noroff* or in the present case. (*People* v. *Noroff, supra*, 67 Cal.2d 791, 795; fns. omitted.)

engage in the task of placing legal fig leaves upon variegated presentations of the human figure. That court has told us that no matter how ugly or repulsive the presentation, we are not to hold nudity, absent a sexual activity, to be obscene.'' (*People* v. *Noroff, supra,* 67 Cal.2d 791, 797.)

Our decision in *Noroff* precludes any other result in the present case than a holding that the matter before us, as a matter of law, is not obscene.[7]

The writ of habeas corpus is granted, and the judgment entered against petitioner in *People* v. *Panchot,* No. L-18517 in the Municipal Court of the City and County of San Francisco, is set aside.

Traynor, C. J., Peters, J., Mosk, J., and Sullivan, J., concurred.

BURKE, J. and McCOMB, J.—We concur under the compulsion of *People* v. *Noroff,* 67 Cal.2d 791 [63 Cal.Rptr. 575, 433 P.2d 479].

---

[7]As in *Noroff*, having concluded that the subject matter does not possess a predominant appeal to prurient interest, we need not consider whether the failure of the prosecution to introduce evidence of ''community standards'' would also require us to set aside the judgment.