WHYTE, P. J.
Repulsive and disgusting as the material is and much as it might appear to the layman as obscene under the dictionary definition of that term,[1] it does not meet the constitutional rules for determination of obscenity as laid down by the Supreme Court of the United States[2] and of our *873 own state[3] and hence its publication cannot be punished without violating the First Amendment of the Constitution of the United States.
This case involves more than a motion to suppress a search warrant under Penal Code section 1538.5. While the proceedings were originally begun under that section, a “traverse of grounds of issuance of search warrant” was filed by defendant and all parties agreed “that the issue of whether or not the material underlying the complaint was in fact constitutionally protected material would also be determined. ” Thus the cause must be determined in the light of Penal Code sections 1539 and 1540 as well as 1538.5.
Where the proceedings are solely under section 1538.5, the trial and appellate courts are concerned only with probable cause, not with a final determination of the character of the material. If the affidavits reveal probable cause to believe the material to be obscene, the issuing judge does not have to personally view the material (People v. Hill (1968) CR. A. 8129) nor take evidence as to the contemporary community standards before issuing the warrant (Aday v. Superior Court (1961) 55 Cal.2d 789, 798 [13 Cal.Rptr. 415, 362 P.2d 47]; People v. Aday (1964) 226 Cal.App.2d 520, 531 [38 Cal.Rptr. 199]).
Section 1538.5 involves the validity of the issuance of the warrant. It does not answer the problems arising from the constitutional requirement of a speedy judicial determination of the constitutional fact of obscenity. (See explanation of Kingsley Books v. Brown (1957) 354 U.S. 436 [1 L.Ed.2d 1469, 77 S.Ct. 1325] contained in Marcus v. Property Search Warrant (1961) 367 U.S. 717, 734 [6 L.Ed.2d 1127, 1138, 81 S.Ct. 1708].) As stated in Aday v. Municipal Court (1962) 210 Cal.App.2d 229 at page 249 [26 Cal.Rptr. 576]: “We are satisfied that the rationale of the Marcus opinion requires that a determination of the question of obscenity be made after hearing of factual evidence (if requested) and before the trial of the case; that the seized property cannot be used in evidence against the owner unless it has been previously established in such factual hearing to be contraband.” Under California law, such relief is available to persons whose material has been seized under a search warrant validly issued with *874 probable cause by the provisions of sections 1539 and 1540, Penal Code, the purpose of which “is to provide one whose property is seized with a speedy remedy in a readily accessible court.” (Aday v. Superior Court (1961) 55 Cal.2d 789, 800 [13 Cal.Rptr. 415, 362 P.2d 47] cited with approval in Holden v. Arnebergh (1968) 265 Cal.App.2d 87, 91 [71 Cal.Rptr. 401].)
“Due process of law entitles the claimant of seized property to an early court hearing to determine whether the articles were subject to seizure. The determination may be had in advance of the trial of the criminal action which ordinarily follows the seizure. The purpose of Penal Code sections 1539 and 1540 is to provide the owner of seized property with a readily accessible court to pass on lawfulness of the seizure. By offering the claimant an opportunity for challenge under sections 1539-1540 and review of an unfavorable decision by prerogative writ, the state satisfies the demands of due process. Such are the concepts enunciated in Marcus v. Search Warrant of Property, 367 U.S. 717, 731-733 [81 S.Ct. 1708, 6 L.Ed.2d 1127]; Aday v. Superior Court, supra, 55 Cal.2d at pp. 799-800; People v. Aday, supra, 226 Cal.App.2d at pp. 529-531; Aday v. Municipal Court, supra, 210 Cal.App.2d at pp. 248-249; see also In re Harris, 56 Cal.2d 879, 883-884 [16 Cal.Rptr. 884, 366 P.2d 305] (concurring opinion).” (Williams v. Justice Court (1964) 230 Cal.App.2d 87, 98 [40 Cal. Rptr. 724].)
However, these sections do not require the magistrate to conduct an investigation nor hold a hearing transcending the issues raised by the party seeking to suppress the warrant. The burden is upon him to make a prima facie ease that the material is not obscene and hence not subject to seizure (Williams v. Justice Court, supra). Once he has done so, the burden shifts to the state to establish that the material is in fact obscene. Such burden must be met under the rules for determining obscenity set forth in In re Giannini (1968) 69 Cal.2d 563 [72 Cal.Rptr. 655, 466 P.2d 535].
In the case at bench, the respondents introduced evidence that the material was not obscene under the Supreme Court decisions heretofore referred to. The People presented no documentary evidence or expert testimony to support their claim that the material was obscene. Hence the decision of the trial court suppressing the evidence must be affirmed.
Summarizing, it is our opinion that the procedure set up by the California law is constitutional and conforms with the *875 requirements laid down by the Supreme Court of the United States. (See particularly Kingsley Books v. Brown, supra.) Such procedure provides for an attack on the warrant and supporting documents on their face (Pen. Code, § 1538.5). In such attack the issue is probable cause and no evidence as to contemporary community standards is required. The determination of probable cause is upon the basis of the supporting documents only. No personal view of the offending film nor complete detailed reading of the material is required of the issuing magistrate. In addition a defendant is entitled to attack the truth of the allegations in the warrant, particularly the allegation that the material is obscene and hence not entitled to constitutional protection (Roth v. United States (1957) 354 U.S. 476 [1 L.Ed.2d 1498, 77 S.Ct. 1304].) When he does so he must proceed to the extent of showing a prima facie case. The burden then shifts to the People who must establish the constitutional fact of obscenity under the rules laid down in In re Giannini. If the motion to suppress is denied, defendant may seek a review by extraordinary writ or may again raise the issue of obscenity and constitutional protection at the time of trial. (People v. Keener (1961) 55 Cal.2d 714 [12 Cal.Rptr. 859, 361 P.2d 587] (overruled on another point in People v. Butler, infra); People v. Butler (1966) 64 Cal.2d 842 [52 Cal.Rptr. 4, 415 P.2d 819].) The order granting motion to suppress is affirmed.
Vasey, J., and Wong, J., concurred.

 ' ' Offensive to chastity of mind or to modesty; expressing or presenting to the mind or view something that delicacy, purity and decency forbid to be exposed.” (Webster’s New Internat. Dict. (2d ed.).)

 Redrup v. New York (1967) 386 U.S. 767 [18 L.Ed.2d 515, 87 S.Ct. 1414]

 Zeitlin v. Arnebergh (1963) 59 Cal.2d 901 [31 Cal.Rptr. 800, 383 P.2d 152, 10 A.L.R.3d 707]; People v. Noroff (1967) 67 Cal.2d 791 [63 Cal.Rptr. 575, 433 P.2d 479]; In re Panchot (1968) 70 Cal.2d 105 [73 Cal.Rptr. 689, 448 P.2d 385].