[Civ. No. 12413. Third Dist. June 10, 1970.]

FRANCES CHILDRESS, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE SACRAMENTO JUDICIAL
DISTRICT OF SACRAMENTO COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Appellant.

**COUNSEL**

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, and Daniel J. Kremer, Deputy Attorney General, for Real Party in Interest and Appellant.

Thomas A. Wahl for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

**OPINION**

**REGAN, J.**—A complaint was filed in the Sacramento Municipal Court charging the respondent, Frances Childress, with a violation of section 311.2 of the Penal Code (exhibition and distribution of obscene films).[1]

Respondent filed notice of motions in the municipal court for an order suppressing the evidence, for an order dismissing the complaint, and for a municipal court review of the films.

The court reviewed the seized films, found them to be obscene and denied the motions to suppress the evidence and to dismiss the complaint. Respondent thereupon entered a plea of not guilty and demanded a trial by jury.

Thereafter, respondent filed a petition for writ of prohibition in the Sacramento County Superior Court, praying for an order restraining the municipal court and the district attorney from proceeding to trial, requesting the superior court to view the films "and determine that the declaration

---

[1] This section, in pertinent part, reads as follows: "311.2 (a) Every person who knowingly: sends or causes to be sent, or brings or causes to be brought, into this state for sale or distribution, or in this state prepares, publishes, prints, exhibits, distributes, or offers to distribute, or has in his possession with intent to distribute or to exhibit or offer to distribute, any obscene matter is guilty of a misdemeanor."

and memorandum . . . in support of the warrant are insufficient on their face to support the issuance of a warrant under the Law as obscene," and sought the return of the films. This petition was opposed by the district attorney, mainly on procedural grounds. The superior court viewed the seized films, filed a memorandum opinion finding the films in question not to be obscene as a matter of law[2] and granted respondent's application for a writ of prohibition.

The People prosecute this appeal.

■ The Attorney General first argues that prohibition will not lie to secure interlocutory review of municipal court orders in matters properly before that court. It is his position the matters decided by the municipal court were properly before it, and therefore prohibition did not lie in the superior court.

In *Bird* v. *Justice Court* (1960) 182 Cal.App.2d 674, 677 [6 Cal.Rptr. 502], this court states: "Prohibition arrests the proceedings of an inferior tribunal performing judicial functions when such proceedings are without or in excess of the jurisdiction of such tribunal. (Code Civ. Proc., § 1102.) It may be issued by any court, except the municipal or justice court, to an inferior tribunal in all cases where there is not a plain, speedy and adequate remedy at law. (Code Civ. Proc., § 1103.)" The writ "never issues to restrain a lower tribunal from committing mere error in deciding a question properly before it. If the lower court has power to make a correct determination of a particular issue, it clearly has power to make an incorrect decision, subject only to appellate review and not to restraint by prohibition. Hence, in examining the authorities, we must conclude that in those situations in which a writ of prohibition was issued, the particular action restrained was beyond the jurisdiction of the court to take." (*Abelleria* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 287 [109 P.2d 942, 132 A.L.R. 715]; *Michaels* v. *Superior Court* (1960) 184 Cal.App.2d 820, 828-829 [7 Cal.Rptr. 858]; see also *Mitchell* v. *Superior Court* (1958) 50 Cal.2d 827, 833-834 [330 P.2d 48] (concurring opinion); in general, see 1 Witkin, Cal. Procedure (1954) Jurisdiction, § 116, p. 380.)

We are of the opinion that the municipal court had jurisdiction of the subject matter and was not acting in excess of said jurisdiction.

The complaint filed in the Sacramento Municipal Court charged respondent with a violation of Penal Code section 311.2, a misdemeanor. (See fn. 1, *supra*.) Section 740 of the Penal Code provides, in pertinent

---

[2]The court relied upon *People* v. *Noroff* (1967) 67 Cal.2d 791 [63 Cal.Rptr. 575, 433 P.2d 479] and on *In re Panchot* (1968) 70 Cal.2d 105 [73 Cal.Rptr. 689, 448 P.2d 385].

part, that "all public offenses triable in the inferior courts must be prosecuted by written complaint under oath subscribed by the complainant." Thus, an essential of the court's jurisdiction was thereby complied with. (*Bird* v. *Justice Court, supra,* 182 Cal.App.2d at pp. 677-678.) Furthermore, since the complaint charges a misdemeanor, the municipal court had jurisdiction over this offense. (Pen. Code, § 1462.) There is no allegation that the municipal court was acting either without or in excess of its jurisdiction. In her petition for writ of prohibition in the superior court, respondent did not claim want of jurisdiction, but only that the declaration and memorandum (filed by the office of the district attorney) is insufficient on its face "to support the issuance of a warrant under the Law as obscene."

The Attorney General points out that a motion to suppress evidence alleged to have been illegally seized pursuant to warrant lies under Penal Code section 1538.5, subdivision (a)(2). If the evidence relates to a misdemeanor complaint (as here), the motion must be made in the municipal court and heard prior to trial at a special hearing relating to the validity of the search or seizure. (Pen. Code, § 1538.5, subd. (g); see *People* v. *Bonanza Printing Co.* (1969) 271 Cal.App.2d Supp. 871, 873-874 [76 Cal.Rptr. 379] (and cases cited therein).)

Here, the respondent did not specify any particular code section pursuant to which she attempted to suppress the evidence. However, we deem that unnecessary in view of subdivision (n) of section 1538.5 of the Penal Code which provides, in part, that "[n]othing contained in this section shall prohibit a person from making a motion, otherwise permitted by law, to return property, brought on the ground that the property obtained is protected by the free speech and press provisions of the federal and state constitutions." In our opinion, therefore, the question of probable cause to issue the search warrant was properly before the municipal court. (Cf. *People* v. *Bonanza Printing Co., supra,* 271 Cal.App.2d Supp. at p. 873.)

In this connection we note respondent moved the municipal court for a pretrial determination on the alleged obscenity of the films. This motion was proper and the municipal court had the jurisdiction to make such a determination pending trial. (Cf. *People* v. *Noroff* (1967) 67 Cal.2d 791, 792, 794 [63 Cal.Rptr. 575, 433 P.2d 479] (by implication).)

In the case before us, respondent does not question the constitutionality of the statute nor is there any allegation of a denial of a fair hearing. (See *Patterson* v. *Municipal Court* (1965) 232 Cal.App.2d 289, 292-293 [42 Cal.Rptr. 769].) We therefore conclude that the municipal court was neither acting without or in excess of its jurisdiction, and prohibition did not lie in the superior court. (See Witkin, Cal. Criminal Procedure (1963) § 777, p. 753.)

The Attorney General next suggests prohibition will not lie where, as here, respondent failed to demonstrate that she had no other plain, speedy remedy at law. (*Bird* v. *Justice Court, supra,* 182 Cal.App.2d at p. 677; Code Civ. Proc., § 1103.)

We are cognizant of the fact that this appeal involves First Amendment rights. (See *Roth* v. *United States* (1957) 354 U.S. 476 [1 L.Ed.2d 1498, 77 S.Ct. 1304]; *Barrows* v. *Municipal Court* (1970) 1 Cal.3d 821 [83 Cal.Rptr. 819, 464 P.2d 483]; *In re Panchot* (1968) 70 Cal.2d 105 [73 Cal.Rptr. 689, 448 P.2d 385]; *In re Giannini* (1968) 69 Cal.2d 563 [72 Cal.Rptr. 655, 446 P.2d 535].) Nevertheless, we are of the view that existing state procedures provide ample constitutional protection against the suppression of non-obscene material which, of course, is protected by the First Amendment. (*In re Panchot, supra,* 70 Cal.2d at p. 108; *Flack* v. *Municipal Court* (1967) 66 Cal.2d 981, 986 [59 Cal.Rptr. 872, 429 P.2d 192].)

In the instant case, a search warrant was secured prior to the seizure of the films. (Cf. *Flack* v. *Municipal Court, supra,* 66 Cal.2d at p. 991.) Further, a pretrial hearing was made on the issue of obscenity in accordance with our present law. (See *Flack* v. *Municipal Court, supra,* 66 Cal.2d at p. 990; *Aday* v. *Municipal Court* (1962) 210 Cal.App.2d 229, 246-247 [26 Cal.Rptr. 576]; see also Pen. Code, § 1538.5.) A further determination of obscenity is made at trial. Should the respondent be convicted, she is entitled to an independent examination of the whole record, including the question of obscenity, by an appellate court. (*Zeitlin* v. *Arnebergh* (1963) 59 Cal.2d 901, 909-911 [31 Cal.Rptr. 800, 383 P.2d 152, 10 A.L.R.3d 707]; see 36 So.Cal.L.Rev. 513, 535-537.)

We believe these procedures are sufficiently adequate to protect both free expression, as guaranteed by the First Amendment, and a particular defendant's rights. (See *Aday* v. *Superior Court* (1961) 55 Cal.2d 789, 799-800 [13 Cal.Rptr. 415, 362 P.2d 47].) Respondent has failed to show that such procedures are wanting or defective in any way. We therefore conclude that the superior court erred in granting the writ of prohibition.

The order granting the writ of prohibition is reversed, and the case is remanded to the municipal court.

Pierce, P. J., concurred.

A petition for a rehearing was denied July 8, 1970, and the petition of the plaintiff and respondent for a hearing by the Supreme Court was denied August 5, 1970.