[Civ. No. 28043. First Dist., Div. Four. Mar. 10, 1971.]

MAX SCHERR, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE BERKELEY-ALBANY
JUDICIAL DISTRICT OF ALAMEDA COUNTY,
Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

## COUNSEL

Paul N. Halvonik and Charles C. Marson for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, Derald E. Granberg and Gloria F. DeHart, Deputy Attorneys General, for Real Party in Interest and Respondent.

## OPINION

**DEVINE, P. J.** —This case comes to the Court of Appeal by the process of appeal from an order of the superior court denying a petition for writ of prohibition to prevent the municipal court from proceeding with the prosecution of a misdemeanor charge, violation of Penal Code section 311.2, subdivision (a).

Appellant was charged originally with knowingly preparing, publishing and distributing obscene matter, to wit, a picture in The Berkeley Barb. Demurrer was sustained on the ground that it was not charged that the newspaper as a whole was obscene. The People filed an amended complaint charging appellant with knowingly preparing, publishing, exhibiting and distributing obscene matter, to wit, the issue of The Berkeley Barb. Demurrer was overruled. Appellant petitioned for writ of prohibition, attaching a copy of the issue to the petition, and contending, as a matter of law, that the issue of the newspaper was not obscene. The same contention is before us.

Of course, we could not decide, in this criminal case, that the newspaper *is* obscene. Appellant is entitled to trial by jury. But he seeks determination that because the newspaper contains articles on international affairs, student strikes, the grape boycott, the police department, San Francisco State President S. I. Hayakawa, candidates for the Berkeley City Council, drugs, conservation, cultural events and moving pictures, and also a physician's column and advertisements, it cannot be deemed to be "utterly without redeeming social importance." The Attorney General contends that the "taken as a whole . . . utterly without redeeming social importance" rule (Pen. Code, § 311), although applicable to a single book or motion picture, does not relate in the same way to a newspaper, the numerous parts of which are generally unrelated. If it were held to do so, he argues, obscene matter would be freely published by use of the simple expedient of combining it with news articles, editorial comment or any of the multitudinous expressions which are protected by the First Amendment.

The newspaper contains one photograph of an act of sexual intercourse, specially arranged to show a female and three males in various states of participation or onlooking; advertisements as "personals" for bisexual or homosexual liaisons; advertisements for mechanical devices as sexual stimulators, and like material. Appellant does not, presently, contend that none of these individual items is obscene. The cases denying the characterization of obscenity to nudity have done so only when it appears in a nonsexual context. (*People* v. *Noroff*, 67 Cal.2d 791 [63 Cal.Rptr. 575, 433 P.2d 479]; *Central Magazine Sales, Ltd.* v. *United States*, 389 U.S. 50 [19 L.Ed.2d 49, 88 S.Ct. 235]; *In re Panchot*, 70 Cal.2d 105 [73 Cal.Rptr. 689, 448 P.2d 385].) Appellant rests on the proposition stated above.

We affirm the order denying the writ of prohibition. In *Childress* v. *Municipal Court*, 8 Cal.App.3d 611 [87 Cal.Rptr. 383], an order of the superior court granting a writ of prohibition was reversed on the ground that the municipal court was not acting in excess of its jurisdiction, although the judge of the superior court was of the opinion that the moving picture

films which were the basis of an obscenity prosecution were not obscene as a matter of law. The Court of Appeal pointed out that determination of obscenity will be made at trial and again, in case of conviction, on appeal. (*Childress* v. *Municipal Court, supra,* at p. 615.)

We do not find cause for making an opposite ruling from that made in *Childress.* To be sure, a newspaper ordinarily will present matter in a way different from that of moving pictures (although we do not know what was the content of the *Childress* pictures), but there ought to apply the same principle of keeping causes within courts which have jurisdiction over them, subject to the processes set forth in the laws, including appeal. Reviewing courts usually must await results in trial courts after the full use of trial and pretrial instruments of the adjudicatory process. Here, it is for the triers of fact to decide upon the issue, not only from the contents of the newspaper, but also from the circumstances of its production, dissemination and sale. (*Memoirs* v. *Massachusetts,* 383 U.S. 413, 420 [16 L.Ed.2d 1, 6, 86 S.Ct. 975].)

Appellant cites as authorities for the use of the writ of prohibition in this case, *Kelly* v. *Municipal Court,* 160 Cal.App.2d 38 [324 P.2d 990], and *Mandel* v. *Municipal Court,* 276 Cal.App.2d 649 [81 Cal.Rptr. 173]. Neither is applicable. The former merely holds that a sex offender need not register, under Penal Code section 290, when he has been released from all penalties and disabilities pursuant to Penal Code section 1203.4; wherefore, no public offense was charged. The latter held that a complaint did not state a public offense where supplemented by a police report which was incorporated. It showed that the activities of the accused in distributing political pamphlets were protected First Amendment rights.

■ If there were controlling authority for the proposition that a newspaper, even though it contain plentiful obscene matter, must be held a nonobscene publication as a matter of law, because it contains matter of social importance, or if we were so persuaded ourselves, the petition for prohibition might have merit. But in the first place, there is no such authority. Appellant cites three cases involving newspapers. In *Kois* v. *Breier* (E.D.Wis.) 312 F.Supp. 19, the United States district judge held that a newspaper was not, as a matter of law, obscene although it contained photographs and drawings of nude males, a drawing and discussion of sexual activity, and discussion of homosexuality. The court did not presently grant injunction against prosecution under the statutes of Wisconsin, but retained jurisdiction to issue an injunction should such relief become necessary. It appears that the newspaper did not contain such material as the photograph of sexual intercourse or the frank solicitations of sexual relations which appear in the personal columns of the newspaper which is the

subject of the case before us. In *United States* v. *Head* (E.D.La.) 317 F.Supp. 1138, the item in the newspaper which was of main concern to the court was a photograph of a nude male. The judge observed that a commentary accompanying the picture demonstrates that its intent was not to arouse lustful instincts but to ridicule other publications which do attempt such an appeal. In *Henley* v. *Wise* (N.D.Ind.) 303 F.Supp. 62, the contents of the newspaper were almost completely a verbal expression of political views, with liberal use of profanity and four-letter words. Apparently there was much vulgarity but nothing sexual about the subject matter. These few cases do not carry the weight which appellant ascribes to them. Indeed, insofar as the courts held that particular matter within publications was not obscene, the courts impliedly recognized that had substantial obscenity been present, the publications would not have been protected merely because they contained other material which had social importance. The rather elaborate discussions about the allegedly offensive matter otherwise would have been useless.

From the paucity of decisions cited and from our own research, we find that there is little law on the subject of obscenity as connected with newspapers. We are of the opinion that the newspaper stands in very different position from that of a book or other literary production. ■ The words of section 311 of the Penal Code, requiring as a condition of obscenity that the matter, taken as a whole, must be "utterly without redeeming social importance," we hold to mean that the *redeeming* matter shall be related to that which is to be redeemed; that is, matter which, standing by itself, would be obscene. Otherwise, consequences which the Legislature cannot be deemed to have intended would follow. It would be possible for the publisher of a newspaper to escape the operation of the statute by simply adding news items, editorials, and other subject matter that characterizes a newspaper to any and all kinds of written and pictorial matter which, in itself, would readily fall within the definition of obscenity. It does not appear to us that news matter unrelated to whatever is pornographic redeems the latter. In the case of a book, as was pointed out in *Zeitlin* v. *Arnebergh,* 59 Cal.2d 901, 920-923 [31 Cal.Rptr. 800, 383 P.2d 152, 10 A.L.R.3d 707], the word "redeeming" refers not to quantitative balancing of the pruriency against the social importance of the whole, but rather to the presence of matters of social importance in the *content* which will recover for the matter its position as constitutionally protected utterance. In the case of the book which was the subject of the *Zeitlin* case, the *content* from beginning to end was that of the book itself. In the case of the newspaper before us, articles such as that on the grape boycott have absolutely nothing to do with the sexual matters referred to above. "Redeeming social importance" is a term which refers to the presentation of ideas, even if these be bizarre or offensive

to most of the public; and to literary quality, even if this be unacceptable to or unappreciated by the public at large. In the case of a book, if the matter contained be disjointed, it usually is tied together by threads of thought, but a newspaper characteristically contains reports and comments on many disparate subjects. Nor is there necessarily a literary quality which rescues the faults of one item by the merits of another. Taking a newspaper as a whole is not the same as taking a book as a whole.

In conclusion, we repeat that we do not and cannot decide in this criminal case that the publication is obscene. We simply hold, for the reasons stated above, that the municipal court does not exceed its jurisdiction in proceeding with the case.

The order denying the petition for writ of prohibition is affirmed.

Rattigan, J., and Christian, J., concurred.

A petition for a rehearing was denied April 5, 1971.