Filed 1/22/21  Sone v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THOMAS S. SONE, as Interim Public Defender for the County of San Bernardino,<br><br>        Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,<br><br>        Respondent;<br><br>THE PEOPLE,<br><br>        Real Party in Interest. | E075041<br><br>(Super.Ct.No. FSB20000691)<br><br>OPINION |

ORIGINAL PROCEEDINGS; petition for extraordinary writ.  William Jefferson Powell IV, Judge.  Petition denied.

G. Christopher Gardner, Public Defender, Thomas S. Sone, Interim Public Defender, Stephan J. Willms and Brent J. Schultze, Deputy Public Defenders for Petitioner.

1

No appearance for Respondent.

Jason Anderson, District Attorney, Brent J. Schultze, Deputy District Attorney for Real Party in Interest.

In a felony complaint Jorge Luis Flores (defendant) was charged with owning a chop shop (Veh. Code, § 10801) and receiving a stolen vehicle (Pen. Code, § 496d). Thomas W. Sone[1] (petitioner), Interim Public Defender for the County of San Bernardino, petitions this court for writs of prohibition (1) restraining judges countywide from requiring any "San Bernardino County Public Defender to serve notice of any court order on any individuals represented by the Public Defender's Office in any future proceeding"; and (2) directing the trial court to vacate its two orders directing defense counsel to serve defendant with notice of continued hearing dates. We deny the writ petition.

## PROCEDURAL HISTORY

The criminal complaint against defendant was filed on February 21, 2020. Defendant was arraigned the same day. The San Bernardino County Public Defender was appointed to represent defendant. Defendant was in custody at the arraignment and pled not guilty to both counts. At the arraignment, the trial court ordered defendant to appear at the pre-preliminary hearing scheduled for February 26. The court scheduled the preliminary hearing for March 4 and determined the 60th day was April 21.

---

[1] G. Christopher Gardner resigned as public defender for San Bernardino County on December 15, 2020. On January 5, 2021, we granted petitioner's request to substitute Thomas W. Sone as interim public defender.

2

On February 24, defendant posted bail. On February 26, defendant appeared in court, out of custody, for the pre-preliminary hearing. The trial court continued the pre-preliminary hearing to April 1 and ordered defendant to appear on that date. The preliminary hearing was continued to April 7.

On April 1, the trial court was closed to the public due to a March 17, 2020, emergency order issued "BY CHAIR OF JUDICIAL COUNCIL." (Gov. Code, § 68115.) On April 1, without attorneys or defendant present, the trial court continued defendant's pre-preliminary hearing to June 5. Under the entry of that rescheduled date, the minute order reads, "Defense counsel to give notice to the defendant to be present." The court also continued the preliminary hearing to June 9. Under that entry, the minute order reads, "Defense counsel to give notice to the defendant to be present."

On April 14, the trial court called defendant's case as number 15 on the court's calendar.[2] Defense counsel said, "I don't believe [defendant] was ordered to be here today. I ask the case be taken off calendar." The trial court agreed defendant had not been ordered to be at court on April 14. The trial court advanced defendant's preliminary hearing from June 9 to April 21, and stated, "Defendant is ordered to be here. Public defender is ordered to serve the defendant." Defense counsel replied, "Your Honor, unfortunately that represents a conflict. We cannot be ordered to serve

---

[2] The People provided the trial court's countywide orders as exhibits. The trial court's countywide orders during the pandemic closures provided that the trial court was closed from April 3 to April 30 with certain exceptions. Two exceptions were pre-preliminary and preliminary hearings for in-custody defendants. It is unclear from the exhibits provided why defendant's case was on calendar given that he was out of custody.

3

our client with notice of a hearing that has not previously been set." The trial court responded, "All those rights are noted and preserved for appellate purposes. The defendant is ordered to be here."

On April 21, the trial court called defendant's case for the preliminary hearing. Defendant was not present at the hearing. Defense counsel said, "[Defendant] was not ordered to appear today. He was never provided notice nor served. I believe that this matter is beyond the jurisdiction of the Court and must be dismissed at this time." The People objected asserting the trial court had ordered defense counsel to notify defendant. The People asked the court "at the very least" to issue a bench warrant, hold it, and order defendant to appear.

Defense counsel contended the situation called for the case to be dismissed and refiled. Defense counsel asserted, "I do not believe that there is a mechanism by which I or my office can be ordered to produce a client or violate attorney/client confidentiality, violate my absolute duty to represent that individual. [¶] As such, I believe that the only course available to the Court at this time is to dismiss the case because the Court has lost jurisdiction. He did not fail to appear for a hearing that he was ordered to appear for."

The trial court concluded that the dismiss and refile rule was not meant to apply in the current situation because the Legislature could not have anticipated courts being "closed for weeks on end" when passing that law. The trial court also "agree[d] that placing the burden on an already overworked law firm, such as the San Bernardino County Public Defender's office, is a significant burden."

4

The trial court continued, "I do find, however, that the defendant was ordered to be here today. I will find that the public defender did not neglect in duty by not serving the defendant. However, I do feel that during this particular crisis, the Court's order for defendant to appear is a valid order if his counsel is present. Counsel was present, although not [pursuant to Penal Code section] 977. [¶] So based on the Court's order for him to be here today, I will issue a warrant, 50,000. The bond is forfeit. Bench warrant 100,000. Both the forfeiture and the bench warrant will be held until August 3rd."

Defense counsel responded, "For the record, we are objecting to the issuance of a warrant. We are objecting to any finding that counsel's presence somehow binds the defendant as a violation of my client's due process rights, violation of his right to counsel, as a violation of our duty of confidentiality, and is a significant interference with the zealous representation that we are bound by statute and by the constitution to provide." The trial court replied, "I understand. I think this will be an issue that the Court of Appeals will weigh in [on] in the next year or so."

There is an incongruity between the April 21 minute order and the reporter's transcript. A requirement for defense counsel to give notice to defendant is not included in the reporter's transcript for the April 21 hearing but it is included in the minute order. The minute order for the April 21 hearing reflects (1) the next hearing in the case was scheduled for August 3; (2) the trial court ordered defendant to appear on August 3; and (3) defense counsel was "to give notice of [the] next hearing." The reporter's transcript

5

reads, "The bond is forfeit. Bench warrant 100,000. Both the forfeiture and the bench warrant will be held until August the 3rd."

Defendant appeared in the trial court, out of custody, on August 3. At the hearing, the parties stipulated to continue the matter until this appellate court resolved petitioner's writ petition. The trial court recalled the bench warrant, continued the matter to November 2, and ordered defendant to appear.

## DISCUSSION

### A.    RESTRAINT ON FUTURE ORDERS

Petitioner seeks a writ of prohibition restraining judges countywide "from directing the San Bernardino County Public Defender to serve notice of any court order on any individuals represented by the Public Defender's Office in any future proceeding." Petitioner asserts defense attorneys cannot, under the California Rules of Professional Conduct, be ordered to serve defendants with notice because it could create a situation in which counsel would be compelled to disclose privileged information if a defendant failed to appear.

A writ of prohibition lies to restrain future judicial acts that are in excess of or lacking in jurisdiction. (Code Civ. Proc., § 1102.) "To permit the issuance of prohibition it is not necessary that there be a lack of jurisdiction over the subject matter or parties in the fundamental sense but only that there be a want or excess of the power of the court." (*City of Los Angeles v. Superior Court of Los Angeles County* (1959) 51 Cal.2d 423, 429.) For example, it is a jurisdictional error in a criminal case for the

6

information to fail to set forth sufficient facts to show the alleged crime falls within the statute of limitations.  (*In re Marriage of Goddard* (2004) 33 Cal.4th 49, 57, fn. 4.)

By contrast, "most procedural errors are not jurisdictional."  (*In re Marriage of Goddard*, *supra*, 33 Cal.4th at p. 56.)  " 'A writ of prohibition will not issue to restrain the act of an inferior tribunal where it has jurisdiction over the subject[]matter based on [an] assumption that the inferior court will rule erroneously.' "  (*McCarthy v. Superior Court in and for City and County of San Francisco* (1946) 73 Cal.App.2d 943, 945.)

In reading petitioner's petition and reply, we struggle to find petitioner's argument explaining how the judges of San Bernardino County would be acting without or in excess of their jurisdiction by ordering defense counsel to serve defendants with notice.  Petitioner does not, for instance, cite to any law reflecting that trial judges lack authority to issue orders to defense counsel.

Petitioner seems to recognize that the potential problem (to the extent one concludes it is a problem) is not with the issuance of the order to serve notice but with the possible questioning that counsel could face if a judge sought to follow up on the court's order.  It would be at the point of questioning that counsel could face the ethical conundrum that petitioner describes in his petition.  In terms of jurisdiction, if a trial court punished counsel for counsel's adherence to ethical standards, then, at that point, the trial court may be found to have acted in excess of its jurisdiction.  (*Chaleff v. Superior Court* (1977) 69 Cal.App.3d 721, 724-725.)

An order for defense counsel to serve a defendant, without something more, does not raise a jurisdictional issue.  As one court explained, "If the lower court has power to

7

make a correct determination of a particular issue, it clearly has power to make an incorrect decision, subject only to appellate review and not to restraint by prohibition." (*Childress v. Municipal Court* (1970) 8 Cal.App.3d 611, 613.)

To the extent one believes it would be error for a trial court to order defense counsel to serve a defendant with notice, we cannot issue a writ that restrains the trial court from making errors. (*McCarthy v. Superior Court in and for City and County of San Francisco*, *supra*, 73 Cal.App.2d at p. 945; *Childress v. Municipal Court*, *supra*, 8 Cal.App.3d at p. 613.) Because petitioner has not raised a jurisdictional issue, we will not issue a writ prohibiting judges countywide from ordering defense counsel to serve defendants with notice of upcoming hearings.

B.     VACATING PAST ORDERS

Petitioner seeks a writ of prohibition directing the trial court to vacate its orders, issued on April 14 and 21, requiring defense counsel to serve defendant.

Because a writ of "prohibition is a preventive rather than a corrective remedy, the writ issues only to restrain the commission of a future act and not to undo an act already done." (*Donner Finance Co. v. Municipal Court of City and County of San Francisco* (1938) 28 Cal.App.2d 112, 114.) Petitioner seeks a writ of prohibition directing the trial court to vacate two orders already entered. A writ of prohibition is not the proper vehicle for that type of relief because the judicial act is complete, in that the orders have already been entered.

We considered whether we could construe this portion of the petition as seeking a writ of mandate (see *Escamilla v. Department of Corrections & Rehabilitation* (2006)

8

141 Cal.App.4th 498, 511 [the label given a petition is not determinative]); however, we do not adopt such a construction because a writ of mandate will not be issued when the dispute is moot. (*Ogunsalu v. Superior Court* (2017) 12 Cal.App.5th 107, 111.) A dispute is moot when a court cannot provide practical relief. (*In re Schuster* (2019) 42 Cal.App.5th 943, 951; *Lockaway Storage v. County of Alameda* (2013) 216 Cal.App.4th 161, 174-175.)

Defense counsel needs no relief because the trial court found counsel did not violate his duty by disobeying the court's order to serve defendant. Thus, there are no pending sanctions, no pending contempt hearings, and no pending questions seeking privileged information from counsel. Defendant needs no relief because the bench warrant was recalled, defendant remains on bail, and defendant was in court on August 3 to hear the continued date of November 2. Therefore, the issue is moot, and mandate would be inappropriate.

At oral argument in this court, petitioner conceded that the portion of the petition seeking writs pertaining to April 14 and 21 is moot. Nevertheless, petitioner asked this court to decide whether a trial court can order defense attorneys to serve their clients with notice of upcoming court dates. Petitioner made the foregoing request to prevent a reoccurrence of the orders made in the instant case, and because this is a significant issue.

A court may address moot cases when they present "an issue of broad public interest that is likely to recur." (*In re Robin M.* (1978) 21 Cal.3d 337, 341, fn. 6.) The

foregoing exception is more likely to be applied when the issue is one that could evade review in the future. (*Ibid.*)

It is unclear to us if this issue is likely to recur. As set forth *ante*, the trial court's countywide orders during the pandemic closure provided that the trial court was closed from April 3 to April 30, 2020, with certain exceptions. Two of the exceptions were pre-preliminary and preliminary hearings for in-custody defendants. Defendant was out of custody so it is unclear why his case was on calendar on April 14 and 21. It is possible that any court orders for defense attorneys to serve defendants were limited to the April 3 to April 30 period and only occurred when out of custody defendants were mistakenly placed on the calendar because those defendants could not enter the court building. We do not know whether or not orders directing attorneys to serve their clients were limited to the unusual circumstance in this period, when out-of-custody defendants were mistakenly placed on calendar.

Additionally, if this issue were to arise again, it need not evade review. A future concerned party confronted with a similar situation could petition for a writ to restrain proceedings wherein counsel is ordered to disclose allegedly privileged attorney-client information. (See *Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725, 730, 741 [directing the issuance of a writ pertaining to a trial court's order concerning disclosure of privileged information].) A stay could be issued for the hearing in which the disclosure is to be made until the appellate court resolved the writ petition. Accordingly, we are not persuaded that if a similar issue were to arise in the future it would likely evade review.

10

In conclusion, the issue is moot, and the case does not fall within the exception that would allow us to address a moot issue. To the extent petitioner perceives the need for a prospective rule to curb orders for defense counsel to serve defendants, petitioner's request would be better addressed to the Legislature or perhaps to the local rules committee of the trial court.

**DISPOSITION**

The petition is denied.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
                                                                    Acting P. J.

We concur:

RAPHAEL
                    J.

MENETREZ
                    J.

11